```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JANE DOE,                                        :
                                                 :
                Plaintiff,                       :    1:18-cv-2511 (GHW)(GWG)
       -against-                                 :
                                                 :
CANON U.S.A., Inc.,                              :
                                                 :
                Defendant.                       :
------------------------------------------------------------X
```

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER A PSEUDONYM

Laurie Berke-Weiss
Berke-Weiss Law PLLC
950 Third Avenue, 32nd Floor
New York, NY 10022
Phone: (212) 888-2680
laurie@berkeweisslaw.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

Introduction ..................................................................................................................................1

Statement of Facts ........................................................................................................................2

Argument......................................................................................................................................2

    I.      This Court Can Exercise Its Discretion to Allow Plaintiff to Proceed Pseudonymously..................................................................................................2

    II.     An Analysis of the Balancing Factors Favors Allowing Plaintiff to Proceed Pseudonymously ....................................................................................4

        A. The Litigation Involves Matters That Are Highly Sensitive and of a Personal Nature Which Will Harm Plaintiff and Her Teenage Son Who is Not a Party to This Action, if Plaintiff is Named .........................4

           1. The Intimate Sexual Nature of This Case Supports Allowing Plaintiff to Remain Anonymous............................................................5

           2. Absent an Anonymous Filing, Plaintiff's Mental Health Is At Risk……………………………………………………………………..6

           3. Plaintiff's Teenaged Son is Entitled to be Protected By Plaintiff's Anonymity. ……………………………………………………………...7

           4. A Public Filing Will Adversely Impact Plaintiff's New Venture……………………………………………………………...7

           5. Plaintiff's Identity Should Remain Private Absent Another Mechanism to Protect Her Identity…………………………………..8

        B. Continuing to Maintain Plaintiff's Privacy by Allowing Her to Proceed Pseudonymously Will Not Prejudice Defendant…..…………..9

        C. Allowing Plaintiff to Remain Anonymous Will Not Harm the Public's Interest…………………………………………………………...9

Conclusion .................................................................................................................................12

i

# TABLE OF AUTHORITIES

**CASES**

*Doe v. Hartford Life and Acc. Ins. Co.*,
   237 F.R.D. 545 (D. N. J. 2006) ...............................................................................................6

*Doe No. 2 v. Kolko*,
   242 F.R.D. 193 (E.D.N.Y. 2006) ........................................................................................5, 11

*Doe v. University of St. Thomas*,
   No. 16 Civ. 1127, 2016 WL 9307609 (D. Minn. May 25, 2016) ........................................10

*Grottano v. City of New York*,
   No. 15 Civ. 9242, 2016 WL 2604803 at *1 (S.D.N.Y. Mar. 30, 2016) ..........................2, 5, 9

*Next Phase Distribution, Inc. v. Does 1-138*,
   No. 11 Civ. 9706, 2012 WL 691830 (S.D.N.Y. March 1, 2012) .....................................5, 10

*Roe v. Aware Women Ctr. for Choice, Inc.*,
   253 F.3d 678, 685 (11th Cir. 2001) .........................................................................................2

*Sealed Plaintiff v. Sealed Defendant*,
   537 F.3d 185 (2d Cir. 2008) ..........................................................................................2, 3, 4

**STATUTES**

New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.* ........................1

New York State Human Rights Law, New York Exec. Law § 290, *et seq.* ..........................1

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ......................................1

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure 10(a) ................................................................................2

**INTRODUCTION**

Plaintiff Jane Doe ("Plaintiff"), by her attorneys, Berke-Weiss Law PLLC, hereby seeks authorization to file a Complaint and proceed in this action as a pseudonymous Plaintiff. Plaintiff seeks damages against her former employer, Canon U.S.A., Inc. ("Defendant" or "Canon"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); the New York State Human Rights Law, New York Exec. Law § 290, *et seq.* ("NYSHRL"); and, the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.* ("NYCHRL"), for the sexual harassment she endured while in its employ. In light of the serious nature of the allegations contained in the Complaint, Plaintiff is justifiably concerned that the use of her real name in this Court, and in the press, will further the harms she seeks to redress by bringing this action, and will: exacerbate her emotional distress from the public airing of highly sensitive private matters; cause emotional distress to her teenaged son, a high school student whose peers then would have access to intensely private information about his mother; and, harm her future career prospects by exposing extremely private and potentially embarrassing facts to the scrutiny of her small, conservative, close-knit community at a time when she is seeking to create a new career in that community.

Defendant, on the other hand, will not be prejudiced if Plaintiff proceeds anonymously as it knows of Plaintiff's identity and the claims she made against it, and has access to the underlying facts in this case. Similarly, no compelling public interest will be served by revealing Plaintiff's name, or the names of her former colleagues who are not parties to this case.

## STATEMENT OF FACTS

A brief description of the nature of this case is set forth in the Declaration of Laurie Berke-Weiss (hereafter, the "Berke-Weiss Decl."). As stated in that Declaration, Plaintiff was subjected to sexual harassment by her supervisor while working for Defendant. After Plaintiff complained of the unwelcomed conduct, Defendant engaged in a slow, inadequate, and retaliatory investigation. Plaintiff has suffered mental and emotional distress as a result of the sexual harassment and the subsequent retaliation by Defendant, and has been effectively removed from the printing industry, where she had built a successful decades-long career.

## ARGUMENT

**I.    THIS COURT CAN EXERCISE ITS DISCRETION TO ALLOW PLAINTIFF TO PROCEED PSEUDONYMOUSLY.**

Under Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. Rule 10(a). At the same time, courts have "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (quoting *Roe v. Aware Women Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)) (alteration in original). As such, whether a plaintiff may prosecute an action anonymously through a pseudonym is determined at the discretion of the court after weighing the "plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Grottano v. City of New York*, No. 15 Civ. 9242, 2016 WL 2604803 at *1 (S.D.N.Y. Mar. 30, 2016) (internal quotation marks and citation omitted); *see also Sealed Plaintiff,* 537 F.3d at 189.

In determining whether to permit a party to proceed anonymously, the court must consider a non-exhaustive list of factors in balancing differing interests, including whether: (1) the litigation involves matters that are highly sensitive and of a personal nature; (2) identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent non-parties; (3) identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) the suit is challenging the actions of the government or that of private parties; (6) the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) the plaintiff's identity has thus far been kept confidential; (8) the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *See Sealed Plaintiff,* 537 F.3d at 189-90 (citations and internal quotation marks omitted).

As outlined below, in the matter at bar a balancing of these factors in light of the differing interests of Plaintiff, of Defendant, and of the public, provides ample basis for the court to determine that Plaintiff should be permitted to proceed anonymously in this litigation. *See id.* at 190.

## II. AN ANALYSIS OF THE BALANCING FACTORS FAVORS ALLOWING PLAINTIFF TO PROCEED PSEUDONYMOUSLY.

### A. The Litigation Involves Matters That Are Highly Sensitive and of a Personal Nature Which Will Harm Plaintiff and Her Teenage Son Who Is Not a Party To This Action, If Plaintiff Is Named.

When analyzing a plaintiff's interest in proceeding anonymously, courts must consider such factors as whether the matters discussed in the lawsuit are highly sensitive and of a personal nature; the potential harms to Plaintiff and other innocent non-parties if Plaintiff's identity is revealed; and, any alternative mechanisms for protecting confidentiality. *See Sealed Plaintiff*, 537 F.3d at 189-190. In this lawsuit, the matters at issue are highly sensitive and of a personal nature as the action arises from the sexual harassment of Plaintiff, including forcible touching she suffered at the hands of Plaintiff's supervisor, and the devastating mental and emotional impact of his actions and those of Defendant. *See* Berke-Weiss Decl. at ¶ 5.

Here, Plaintiff was sexually harassed by her supervisor for about a year and a half while employed by Defendant, including multiple incidents occurring while she was participating in out of town travel with her supervisor on Defendant's business, including: his forcibly touching her in an unwanted sexual manner; forcibly removing her clothing so that he could touch her nude body; demanding sexual encounters in hotel rooms; and, intimately touching her in the presence of other colleagues and clients to demonstrate his control over her, while convincing Plaintiff that it would be both futile and detrimental to her career to go to Defendant's Human Resources Department for help. *See* Exhibit A to Berke-Weiss Decl. at ¶¶ 72-105. Litigating these claims under her own name necessarily will make public highly personal and intimate details about Plaintiff which otherwise would remain private.

4

### 1. The Intimate Sexual Nature of This Case Supports Allowing Plaintiff to Remain Anonymous.

Courts have recognized the sensitivity and intimacy of a variety of situations, allowing Plaintiffs to proceed anonymously. "[C]ourts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (citing cases); *see also Michael v. Bloomberg L.P.* No. 14 Civ. 2657, 2015 WL 585592 at *3 (S.D.N.Y. Feb. 11, 2015) (citing "claims involving sexual orientation, pregnancy, or minor children" as involving matters of a highly sensitive and personal nature); *Grottano* 2016 WL 2604803 at *1 (recognizing the highly sensitive and personal allegations that Plaintiff had been strip and/or body cavity searches while visiting an inmate at Rikers). Similarly, the graphic details of the sexual harassment and related controlling behavior Plaintiff suffered at the hands of her supervisor for a year and a half, along with her resulting mental health diagnosis, is highly sensitive and personal enough to justify her proceeding anonymously. *See* Berke-Weiss Decl. at ¶ 5.

Here, Plaintiff was the victim of repeated unwanted and unwelcomed sexual touching by her supervisor, notwithstanding the law's clear mandate to protect Plaintiff from the incidents of harassment she suffered, and she should be allowed to protect her privacy while asserting these rights. This Court has even recognized the privacy interest of defendants accused of downloading pornographic films, where the litigants whose privacy interest was being protected did not suffer any sexual assault. *Next Phase Distribution, Inc. v. Does 1-138*, No. 11 Civ. 9706, 2012 WL 691830. (S.D.N.Y. March 1, 2012) (recognizing the rights of Defendants to proceed anonymously when being accused of illegally downloading a pornographic film). To the extent the decision to protect Defendants in *Next Phase Distrib.* can be distinguished from these

5

facts, it supports offering at least the same protection of anonymity to Plaintiff who was a victim of sexual harassment at work.

The persistent, repeated, unwanted and unwelcomed touching by Plaintiff's supervisor, and his relentless pressure for Plaintiff to succumb to his sexual demands, led to Plaintiff's diagnosis of post-traumatic stress disorder and depression. *See* Exhibit A to Berke-Weiss Decl. at ¶¶ 123-126. While still a Canon employee, Plaintiff was approved for and went on short term disability leave, and has been under a doctor's care for these conditions since October 2016, undergoing psychiatric treatment and medication to try and alleviate her symptoms. *See id*. If Plaintiff is not permitted to proceed in this action anonymously, this sensitive condition will become public, and she risks suffering additional mental and emotional harm.

### 2. Absent an Anonymous Filing, Plaintiff's Mental Health Is At Risk.

Absent an anonymous filing, information about Plaintiff's diagnosis, treatment, and records surely will be subject to scrutiny. Diagnoses of mental illness have been recognized as being highly sensitive and of a personal nature, weighing in favor of privacy. In fact:

> [T]here is a substantial public interest in ensuring that cases like the Plaintiff's are adjudicated and the rights of mental illness sufferers are represented fairly and without risk of stigmatization. However, this goal cannot be achieved if litigants suffering from mental illness are chilled from ever reaching the courthouse steps for fear of repercussions that would ensue if their condition was made public.

*Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D. N. J. 2006).

Here, Plaintiff has chosen to keep the details of her diagnoses confidential from her professional contacts, and she should not be subjected to the stigma held against people with mental health diagnoses by having to disclose her identity here, in order to pursue her claims.

6

### 3. Plaintiff's Teenaged Son is Entitled to Be Protected By Plaintiff's Anonymity.

Plaintiff's son is entitled to protection from the effect of the publication of salacious information about his mother's harassment. He is a high school sophomore, and should not be exposed to bullying and ridicule by his peers so Plaintiff can assert her legal rights. In addition to the significant risk to Plaintiff in revealing her name in the caption, Plaintiff's teenaged son, who is not a party to this lawsuit, will be exposed to significant harm if her identity were disclosed, and his privacy should be protected. Courts have recognized, "[t]he concern whether identification poses a risk of retaliatory physical or mental harm to the requesting party *or even more critically, to innocent non-parties*," as is the case here. *Doe No. 2*, 242 F.R.D. at 193, 195 (permitting Plaintiff to proceed anonymously in bringing claims of childhood sexual abuse against Rabbi) (emphasis added).

Plaintiff's son will inevitably be harmed if the community where he resides learns the facts of this case and his mother's situation. Notably, he is not aware of the very personal and graphic details which must be alleged to pursue Plaintiff's claim. Disclosing Plaintiff's name will expose her minor child in the salacious details. This could adversely affect his own psychological health, and also put him at risk of bullying by schoolmates who would have easy access to the Complaint and other filings on the Internet and through social media.

### 4. A Public Filing Will Adversely Impact Plaintiff's New Business Venture.

Plaintiff's identity has thus far remained confidential, and should remain so to protect her capacity to earn a living. The widespread availability of legal case filings, opinions, and reports on the Internet, along with the press coverage already afforded

7

this case, substantially increases the probability that Plaintiff would be harmed in the absence of anonymity.

Plaintiff has started a new business, selling her marketing skills to local businesses. Having been constructively discharged by Defendant and effectively cut off from continuing her career in the printing industry, Plaintiff seeks to protect the new career she is building so she may continue to earn a living. *See* Berke-Weiss Decl. at ¶ 6. In her new role, Plaintiff does extensive outreach in her small, close-knit community. Clients and potential clients have made negative comments about the #MeToo movement, questioning whether there really is sexual harassment in the workplace. Plaintiff fears that not proceeding pseudonymously will harm her business, drawing attention to a lawsuit that may be viewed as supporting an unpopular cause, overshadowing the valuable marketing skills she is offering to other businesses.

### 5. Plaintiff's Identity Should Remain Private Absent Another Mechanism to Protect Her Identity.

Finally, permitting Plaintiff to proceed pseudonymously is the only mechanism available to protect Plaintiff's identity. The details of sexual harassment and diagnoses of mental illness necessarily included in the Complaint to substantiate Plaintiff's claims are in and of themselves highly sensitive and of a personal nature. Although further disclosures, such as Plaintiff's medical records, could be separately kept under seal, the details of the harassment she suffered and her diagnoses would necessarily become public if she is not permitted to proceed pseudonymously.

In total, the highly sensitive and personal nature of this litigation, the significant risk that Plaintiff will suffer additional mental and emotional harm as a result of the public disclosure of her name, and the risk of harm to her teenage son, weigh heavily in favor of allowing Plaintiff to proceed as an anonymous plaintiff.

### B. Continuing to Maintain Plaintiff's Privacy by Allowing Her to Proceed Pseudonymously Will Not Prejudice Defendant.

Plaintiff's interest in using a pseudonym outweighs Defendant's interests. Allowing Plaintiff to maintain her privacy through the use of a pseudonym will not prejudice Defendant, which is already well-aware of Plaintiff's true identity and her claims, having investigated Plaintiff's complaint and participated in the U.S. Equal Employment Opportunity Commission process, including participation in a mediation and by submission of a position statement. Plaintiff does not seek to hide her identity from Defendant, who will have the opportunity to conduct full discovery and to present its defenses, regardless of whether Plaintiff proceeds under her name or pseudonymously. The fact that "[o]ther than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers," must be taken into account in weighing the lack of prejudice to Defendant in permitting an anonymous filing. *Doe No. 2*, 242 F.R.D. at 193, 198. In contrast, revealing Plaintiff's name will cause significant prejudice to Plaintiff. Moreover, if this case progresses to trial, the court has the discretion to re-consider whether Plaintiff's anonymity prejudices Defendant, further supporting granting anonymity to Plaintiff at this stage of the litigation. *See Grottano,* 2016 WL 2604803 at *3 ("[d]efendants may move to revisit the issue of Plaintiffs' anonymity before the case proceeds to trial.").

### C. Allowing Plaintiff to Remain Anonymous Will Not Harm the Public's Interest.

Plaintiff's significant interest in maintaining her anonymity outweighs the public interest in learning her identity, which is minimal at best. Maintaining Plaintiff's pseudonym does not hamper the public's interest in learning about sexual harassment in the workplace. For example, in recognizing the privacy rights of individuals accused

9

of downloading pornography, this Court considered "… the minimal public interest (when weighed against defendant's interests) in disclosing defendant's name." *Next Phase Distrib.,* 2012 WL 691830 at *2. Similarly, courts have ruled that the public does not have an interest in knowing the name of a college student who brought complaint of sexual violence on campus:

> [T]he public is rightly interested in issues of sexual violence on campus, the response of schools to that violence, both generally and even in specific cases, and the use of litigation to address the alleged failures of that response. However, in general none of these ends are furthered by knowing which college student brought a particular lawsuit as opposed to knowing simply that some college student did so.

*Doe v. University of St. Thomas,* No. 16 Civ. 1127, 2016 WL 9307609 at *3 (D. Minn. May 25, 2016).

By the same token, in this case Plaintiff is simply requesting to be referred to as Jane Doe, but the facts of the case will remain public. As such, revealing Jane Doe's name does not further the public's interest in learning about how companies handle and respond to claims of sexual harassment. The press coverage already generated by the filing of this lawsuit illustrates that the public is able to learn the relevant details of this lawsuit without knowing Plaintiff's name.[1]

Further, Plaintiff requests only that her name be masked, not that any other identifying facts be withheld, nor that the case documents be filed under seal. This substantially preserves reasonable public access to the facts of Plaintiff's case, in which there may be a legitimate public interest. While any individual with an interest in the case might be able to use the details pled to discover plaintiff's identity, anonymity

---

[1] The same reasoning applies to Plaintiff's request to redact the names of former colleagues.

10

would prevent casual internet searches based solely on Plaintiff's name from turning up details regarding this case, while protecting Plaintiff and her son from unreasonable intrusion into their lives with the resulting significant negative impact to them.

Although the public has a generalized interest in knowing who is seeking relief in its courts, it has been found that the public has a stronger – and more particularized – interest in protecting the identities of alleged victims of sexual assault to encourage victims to come forward and report such crimes. *See, e.g., Kolko*, 241 F.R.D. at 195. The treatment alleged by Plaintiff as a victim of sexual harassment is analogous to the claims of a sexual assault victim—Plaintiff's supervisor forcibly touched her, pressured her into nudity and unwanted sexual activity while on business trips with her. *See* Exhibit A to Berke-Weiss Decl. at ¶¶ 72-105. When Plaintiff complained to Defendant, the Company's actions confirmed her initial fears in making a report: they did not believe her; shared information with her colleagues that she had been in a "physical relationship" with her harasser; and, concluded that the relationship may have been consensual (or that one did not exist at all), despite evidence to the contrary. *See* Exhibit A to Berke-Weiss Decl. at ¶¶ 145-220.

The public has a recognized interest in encouraging women to raise complaints regarding any sexual harassment they suffer in the workplace, but not at the expense of creating further harm to the victim. Requiring Plaintiff to proceed under her name inevitably will cause her additional harm, and will not serve the public interest. Rather, if Plaintiff must bring suit under her own name, it could have a chilling effect on other women who may be discouraged from reporting sexual harassment for fear of retaliation by their employer, and of being subjected to further harassment through public scrutiny of her claims.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court permit her to proceed anonymously by means of the pseudonym Jane Doe, as stated in the caption of this motion.

Dated: New York, New York
      March 28, 2018

 

Respectfully submitted,

BERKE-WEISS LAW PLLC

By: */s/ Laurie Berke-Weiss*
Laurie Berke-Weiss
950 Third Avenue, 32nd Floor
New York, NY 10022
Phone: (212) 888-2680
laurie@berkeweisslaw.com

*Attorneys for Plaintiff*