UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

JANE DOE,                                    :
                                             :
                        Plaintiff,           :
                                             :          Case No. 1:18-CV-2511-GHW/GWG
            -v-                              :
                                             :
CANON U.S.A., INC.,                          :
                                             :
                        Defendant.           :
                                             :

-------------------------------------------------------------- X

**DEFENDANT CANON U.S.A., INC.'S MEMORANDUM OF LAW OPPOSING
PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM**

**DORSEY & WHITNEY LLP**
Amanda M. Prentice (AP-0505)
51 West 52nd Street
New York, NY  10019
(212) 415-9200

and

Melissa Raphan (application for admission
*pro hac vice* forthcoming)
John T. Sullivan (application for admission
*pro hac vice* forthcoming)
50 South Sixth Street
Minneapolis, MN  55402
(612) 340-2600

*Attorneys for Defendant Canon U.S.A., Inc.*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ..................................................................................................................1

BACKGROUND ..................................................................................................................2

ARGUMENT .......................................................................................................................5

I.      Plaintiff's Request for the Extraordinary Ability to Proceed Under a Pseudonym
is Unwarranted and Should be Denied..................................................................6

         A.     Plaintiff Fails to Meet the High Standard to Justify use of a Pseudonym ..............6

         B.     This Case does not Merit the Extraordinary use of a Pseudonym ..........................7

                 1.     This case is not "highly sensitive" when compared to
similar Title VII cases...............................................................................8

                 2.     Plaintiff has not presented any evidence of any risk of harm,
whether physical or mental, to Plaintiff....................................................10

                 3.     Plaintiff has not presented any evidence of any risk of harm,
whether physical or mental, to Plaintiff's son ..........................................13

                 4.     Canon will be prejudiced by allowing Plaintiff to proceed
under a pseudonym ....................................................................................13

                 5.     The public interest is not served by allowing Plaintiff  to proceed
under a pseudonym ....................................................................................14

II.     Plaintiff's Filings in This Case Moot her Request to Proceed Under a Pseudonym .........15

CONCLUSION....................................................................................................................17

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Britt v. Thermald Realty I, LP*,
  No. 13 Civ. 8289 (KPF), 2015 U.S. Dist. LEXIS 109183
  (S.D.N.Y. Aug. 18, 2015) ....................................................................................8

*Corley v. Vance*,
  No. 15-cv-1800, 2015 U.S. Dist. LEXIS 92837 (S.D.N.Y. June 22, 2015) ............................6

*Cruz v. Oxford Health Plans, Inc.*,
  No. 03 Civ. 8863 (LTS) (JCF), 2008 U.S. Dist. LEXIS 14053
  (S.D.N.Y. Feb. 25, 2008) ....................................................................................9

*Doe No. 2 v. Kolko*,
  242 F.R.D. 193 (E.D.N.Y. 2006) ..............................................................9, 12, 13

*Doe v. Bell Atlantic Business Systems Services*,
  162 F.R.D. 418 (D. Mass. 1995) ..............................................................17

*Doe v. Blue Cross & Blue Shield United*,
  112 F.3d 869 (7th Cir. 1997) ..............................................................14

*Doe v. Del Rio*,
  241 F.R.D. 154 (S.D.N.Y. 2006) ..............................................................7, 10, 17

*Doe v. Delta Airlines, Inc.*,
  310 F.R.D. 222 (S.D.N.Y. 2015) ..............................................................13, 14

*Doe v. Frank*,
  951 F.2d 320 (11th Cir. 1992) ..............................................................6

*Doe v. Shakur*,
  164 F.R.D. 359 (S.D.N.Y. 1996) ..............................................................8

*Doe v. Trustees of Columbia University in the City of New York
  and William V. Harris*,
  17-cv-7498 (S.D.N.Y. Oct. 2, 2017) ..............................................................8

*Doe v. University of St. Thomas*,
  No. 16-cv-1127-ADM-KMM, 2016 WL 9307609 (D. Minn. May 25, 2016) .................14, 15

*Doe v. Word of Life Fellowship, Inc.*,
  No. 11-40077-TSH, 2011 U.S. Dist. LEXIS 78383 (D. Mass. July 18, 2011)........................17

*Doe v. Zinke*,
   No. 17-2017, 2018 U.S. Dist. LEXIS 39157 (D. Minn. Feb. 14, 2018) ..................................15

*Garrigan v. Ruby Tuesday, Inc.*,
   No. 13 Civ. 1196 (GBD), 2013 U.S. Dist. LEXIS 108939
   (S.D.N.Y. July 30, 2013) ...........................................................................................9

*Jaime Doe v. Fedcap Rehabilitation Services, Inc.*,
   17-cv-8220 (S.D.N.Y., Oct. 25, 2017) ...................................................................10, 11, 12

*Klein v. City of N.Y.*,
   10 Civ. 9568 (LAK) (JLC), 2011 U.S. Dist. LEXIS 85017
   (S.D.N.Y. Aug. 3, 2011) .............................................................................................9

*Mandel v. Rofe*,
   No. 10 Civ. 6045 (RMB) (FM), 2012 U.S. Dist. LEXIS 76820
   (S.D.N.Y. May 31, 2012)............................................................................................9

*Mikolaenko v. N.Y. Univ.*,
   No. 16 Civ. 413 (DAB), 2017 U.S. Dist. LEXIS 146776
   (S.D.N.Y. Sep. 7, 2017) ..............................................................................................8

*N. Jersey Media Grp., Inc. v. Doe*,
   No. 2 Civ. 6152 (VM), 2012 U.S. Dist. LEXIS 167317
   (S.D.N.Y. Nov. 26, 2012) ............................................................................................8

*Sealed Plaintiff v. Sealed Defendant*,
   537 F.3d 185 (2d. Cir. 2008).................................................................................5, 6, 7, 17

**Other Authorities**

Fed. R. Civ. P. 5.2 ...............................................................................................................16

Fed. R. Civ. P. 10(a) ...................................................................................................2, 5, 6, 18

## INTRODUCTION

Plaintiffs filed 584 employment cases in the Southern District of New York last year. ***Only one*** plaintiff – who was transitioning gender and had legally changed names prior to filing suit – asked, and was allowed, to proceed under a pseudonym. As explained below, the differences between that pseudonymous employment case and this action demonstrate why the extraordinary relief sought by Plaintiff "Jane Doe" ("Plaintiff") here is completely unwarranted.

Further, Plaintiff's public approach to this litigation is at odds with the extraordinary relief that she now seeks. First, she filed a sexual harassment complaint in which she chose to include specific and identifying (but wholly unnecessary) details about herself in the purportedly anonymous complaint. Second, she identified five non-party employees of Canon U.S.A., Inc. ("Canon") by name, in addition to the accused non-party alleged harasser. Third, Plaintiff's counsel failed to take the proper steps to actually redact Plaintiff's name from documents publicly filed in this case, as she simply digitally pasted black boxes on documents that can be removed by anyone who downloads the document, revealing Plaintiff's name. Fourth, Plaintiff previously filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC"), disclosing her true identity and thus mooting her request to proceed pseudonymously. Finally, Plaintiff's counsel decided to talk with the press about the lawsuit, apparently on the very day the case was filed, and is otherwise seeking to publicize the case against Canon – including through blog and Facebook posts that contradict Plaintiff's purported desire to stay out of the spotlight.

The above actions confirm that far from wanting to remain anonymous for any of the proper reasons allowed by controlling Second Circuit authority, Plaintiff wants to use this case to put public pressure on Canon – including by disparaging non-party human resources employees

by name – while Plaintiff remains cloaked under a pseudonym. The Court should not condone this conduct. Canon respectfully requests that the motion be rejected, particularly because the relief it seeks would be ineffectual given her counsel's decisions that already have made Plaintiff's identity available to the public through information disclosed in this action. Canon thus asks this Court to deny Plaintiff's motion to proceed under a pseudonym and to direct Plaintiff to refile her Complaint in compliance with Fed. R. Civ. P. 10(a).

## **BACKGROUND**

Plaintiff filed this action on March 20, 2018. Dkt. No. 1. On apparently the same day, Plaintiff's counsel talked with the press about the case and sought to portray the allegations as part of the national "#metoo" movement and debate; the resulting Bloomberg Law article was published the day after the case was filed. Porter Wells, *Canon Brushed Off Sex Harassment Claims, Accuser Says in Lawsuit*, Bloomberg Law (March 21, 2018) (Attached as Exhibit A to Declaration of Amanda M. Prentice, April 4, 2018 ("Prentice Decl.")). Plaintiff's counsel publicly disparaged Canon's human resource professionals (whom she identified by name in the Complaint) in her comments to the media:

> "This case is an example of why women are afraid to speak out when they've suffered harassment and assault," Doe's attorney, Laurie Berke-Weiss, told Bloomberg Law. "HR departments often side with the perpetrator over the victim, compounding the painful psychological impacts and career repercussions."

*Id.* Counsel makes nearly identical statements in a blog post trumpeting the filing of the lawsuit (complete with a link to the Complaint) on counsel's website: "As the #MeToo movement has brought to light, this case is an example of why women are afraid to speak up about sexual harassment at work. Human Resources often sides with the harasser against the victim, compounding the painful psychological and professional impact of the sexual harassment itself."

Alex Berke, *Jane Doe v. Canon U.S.A., Inc.*, Berke-Weiss Law PLLC, (undated)

http://www.berkeweisslaw.com/blog/2018/3/21/jane-doe-v-canon-usa-inc (Prentice Decl.,

Exhibit B). Plaintiff's counsel further announced the filing of the lawsuit on a public post on the

firm's Facebook page, featuring a link to the blog post and its link to the Complaint. Berke-

Weiss PLLC, *Jane Doe v. Canon U.S.A., Inc.*, Facebook.com (March 21, 2018, 1:04 p.m.)

https://www.facebook.com/pg/BerkeWeissLaw/posts/ (Prentice Decl., Exhibit C). Counsel's

public statements about "Human Resources" mirror the disparaging (and, if made in a non-

privileged context, likely defamatory per se) professional attacks made in the Complaint on the

two non-party Canon human resources employees identified by name. Complaint ¶¶ 158, 160-72.

In support of the motion to proceed under a pseudonym, Plaintiff's counsel submitted a

declaration[1] in which counsel asserts, in a wholly conclusory manner, that a pseudonym will

protect Plaintiff from alleged harm to her "mental health, business and career." Declaration of

L. Berke-Weiss, March 28, 2018, ¶ 6 (Dkt. No. 7) ("Berke-Weiss Decl."). Plaintiff's counsel also

noted that she took steps to protect some non-party witnesses in her filings – even though she

decided to specifically identify five Canon employees, including two human resources

employees, by name. Berke-Weiss Decl. ¶ 3. Counsel also noted that she redacted some names

(including Plaintiff's name) from documents filed with the Complaint. *Id.* ¶ 3.

With regard to the extraneous but identifying details: Plaintiff asserts in Paragraph 28 of

the Complaint that "In January 2016, Plaintiff was elected Chair of PRIMIR by its members."

(PRIMIR is an acronym for Print Industries Market Information and Research Organization.)

---

[1]   Plaintiff did not file a declaration attesting to any of the purported facts alleged in support of her application to
    proceed under a pseudonym. As explained below, this failure is fatal to Plaintiff's motion because it leaves it
    unsupported. Notably, courts have rejected requests to proceed pseudonymously even when supported by more
    evidence than Plaintiff provided here, such as when plaintiffs filed affidavits supporting their requests or
    submitted additional evidence from medical providers. *See* Argument Section I.B.

This assertion has nothing to do with Plaintiff's allegations against Canon, and the details are completely unnecessary and irrelevant to this action; the reference to Plaintiff's PRIMIR position and the year in which she was chosen for it are in the publicly accessible Complaint *only* because Plaintiff's counsel decided to include those details. In fact, the PRIMIR details that Plaintiff publicly filed provide enough information for anyone – after only 18 keystrokes, ███████████ ████████ to find Plaintiff identified by her full name and Canon position title as the ███████████ ███████████████████████████████████████████.[2]

Similarly, only one person employed by Canon was inducted into the Soderstrom Society in 2016, an event that Plaintiff's counsel again describes in irrelevant and unnecessary detail in Paragraph 29 of the Complaint. It takes only 24 keystrokes ██████████████████ to once again find Plaintiff identified by her full name and Canon position title ████████████ ██████████████████████████████████████████████████████ ███████████.[3]

---

[2] ███████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████████

[3] ████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████
████████████████████████

Further, Plaintiff's counsel did not take care to properly redact Plaintiff's name from the documents that were publicly filed in this case. As just one example, the redaction of Plaintiff's name from the Notice of Right to Sue that is filed as Exhibit A to the Complaint (Dkt. No. 1-1) was not properly made, leaving Plaintiff's name exposed to anyone with a PACER account. Specifically, a person need only download the Complaint and all attachments (for a cost of $6.20), open the PDF in Adobe Acrobat,[4] ████████████████████████████████████ ██████████████████████████████

Plaintiff submitted a letter motion with her Complaint requesting the ability to proceed under a pseudonym. (Dkt. No. 4.) This Court determined that Plaintiff's submission failed to meet the standard for such extraordinary relief articulated in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d. Cir. 2008) and requested briefing. Plaintiff has not submitted any facts in support of her motion; Plaintiff's counsel merely submitted her own declaration re-asserting allegations made in the Complaint and initial letter motion.

## <u>ARGUMENT</u>

Plaintiff asks this Court to take the extraordinary step of allowing her to proceed under a pseudonym – despite the fact that her 52-page Complaint already includes enough information for the public to determine her name and despite the fact that her lawyer's careless redactions to publicly available documents (e.g., Exhibit A to the Complaint (Dkt. No. 1-1)) make the request for a pseudonym moot. Canon respectfully requests that this Court deny Plaintiff's motion and direct her to re-file her Complaint in compliance with Fed. R. Civ. P. 10(a).

---

[4]   Adobe Acrobat Pro DC, version 2015.006.30392.

I.      **Plaintiff's Request for the Extraordinary Ability to Proceed Under a Pseudonym is Unwarranted and Should be Denied**

Federal Rule of Civil Procedure 10(a) mandates that "[t]he title of [a] complaint must name all the parties." In the Second Circuit, this "requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). The Second Circuit is not alone on this point; all federal courts enforce Fed. R. Civ. P. 10(a) under the strong public policy that "[l]awsuits are public events." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992).

A.      **Plaintiff Fails to Meet the High Standard to Justify use of a Pseudonym**

Under *Sealed Plaintiff*, "the interests of both the public and the opposing party should be considered when determining whether to grant an application to proceed under a pseudonym." 537 F.3d at 189. This is a "factor-driven balancing inquiry [that] requires a district court to exercise its discretion in the course of weighing competing interests." *Id.* at 190. When deciding whether to grant the extraordinary relief of proceeding under a pseudonym, courts in this district consider the extent that the information that a plaintiff seeks to conceal from the public in the federal action is already available to the public as a result of the plaintiff's conduct. *See, e.g.*, *Corley v. Vance*, No. 15-cv-1800, 2015 U.S. Dist. LEXIS 92837, at *20 (S.D.N.Y. June 22, 2015) (denying plaintiff's motion to proceed under pseudonym where information was already "a matter of public record" and thus "figuratively speaking, the cat is already out of the bag.").

*Sealed Plaintiff* sets out a list of non-exhaustive factors that courts should consider when deciding a request to proceed under a pseudonym, all of which weigh in favor of denying plaintiff's motion here. *See* 537 F.3d at 190-91. These include (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk

of retaliatory physical or mental harm to the party seeking to proceed anonymously or more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of plaintiff's age; (5) whether the suit is challenging the actions of the government; (6) whether the defendant is prejudiced by allowing the plaintiff to press claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, due to the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *See id.* at 190.

Courts are "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4. Crucially, the Court may not merely speculate about what could happen if a plaintiff proceeds without a pseudonym. Rather, even when a case may address "matters of utmost privacy" or "cause social stigmatization and mental anguish," the Southern District of New York requires "a particularized showing of the harm such intrusiveness could cause before deciding to override the presumption of disclosure." *Doe v. Del Rio*, 241 F.R.D. 154, 160 (S.D.N.Y. 2006) (rejecting request to proceed under a pseudonym in case alleging attempted sexual assault by an on-duty police officer). No such showing has been made here.

### B.    This Case does not Merit the Extraordinary use of a Pseudonym

Plaintiff does not meet the standard set by *Sealed Plaintiff* for the simple but critical reason that she presents no facts –only conclusions of counsel – to support her motion. Plaintiff's

allegations, such as they are, also do not justify proceeding under a pseudonym, which status was accorded to only one plaintiff alleging employment discrimination out of 584[5] in 2017.

      1.     **This case is not "highly sensitive" when compared to similar Title VII cases**

This litigation is not "highly sensitive." To the contrary, courts find this standard to be met only when the action involves matters "such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families," for which "the normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter.'" *N. Jersey Media Grp., Inc. v. Doe*, No. 2 Civ. 6152 (VM) (KNF), 2012 U.S. Dist. LEXIS 167317, at \*14 (S.D.N.Y. Nov. 26, 2012) (quoting *So. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979)). Courts do not find the standard to be met where, as here, the plaintiff's risk is reputational. *See Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (finding plaintiff's showing insufficient to merit use of pseudonym in a case involving alleged sexual assault).

Further, this case is squarely similar to a wide range of Title VII cases in which plaintiffs have proceeded under their own names, not pseudonyms. *See, e.g.*, *Mikolaenko v. N.Y. Univ.*, No. 16 Civ. 413 (DAB), 2017 U.S. Dist. LEXIS 146776 (S.D.N.Y. Sep. 7, 2017) (alleging explicit demand for sex to avoid poor performance reviews and termination, to which plaintiff acquiesced); *Britt v. Thermald Realty I, LP*, No. 13 Civ. 8289 (KPF), 2015 U.S. Dist. LEXIS 109183 (S.D.N.Y. Aug. 18, 2015) (alleging supervisor pursued sexual relationship with

---

[5]    These statistics reflect the number of cases coded at the time of filing in the same manner as Plaintiff: "Civil Rights – Employment" (Nature of Suit Code No. 442). One additional pseudonymous case, *Doe v. Trustees of Columbia University in the City of New York and William V. Harris*, 17-cv-7498 (S.D.N.Y. Oct. 2, 2017), involved sexual harassment in the context of higher education (Nature of Suit Code No. 440). The plaintiff graduate student's motion to proceed under a pseudonym was unopposed by the university and accused harasser, a professor, and subsequently granted. (The *Columbia University* action is likely familiar to Plaintiff, as her lawyers defended the accused harasser in that case. (*Id.* Dkt. Nos. 9, 11).)

subordinate, including during late-night visits to plaintiff's residence); *Garrigan v. Ruby Tuesday, Inc.*, No. 13 Civ. 1196 (GBD), 2013 U.S. Dist. LEXIS 108939 (S.D.N.Y. July 30, 2013) (alleging that plaintiff's manager convinced her to move in with him and proposed marriage, only to end the relationship); *Mandel v. Rofe*, No. 10 Civ. 6045 (RMB) (FM), 2012 U.S. Dist. LEXIS 76820 (S.D.N.Y. May 31, 2012) (alleging that sexual relationship between plaintiff and executive started during business trip, although it was disputed as to who initiated the relationship); *Cruz v. Oxford Health Plans, Inc.*, No. 03 Civ. 8863 (LTS) (JCF), 2008 U.S. Dist. LEXIS 14053 (S.D.N.Y. Feb. 25, 2008) (alleging that supervisor entered plaintiff's office, said plaintiff needed to be a "team player," and suggested "maybe if you and me can start seeing each other or dating or even going farther than that"). Simply put, if Plaintiff were allowed to proceed under a pseudonym in this case, there would be no reason that every Title VII plaintiff should not receive the same treatment. *See Klein v. City of N.Y.*, 10 Civ. 9568 (LAK) (JLC), 2011 U.S. Dist. LEXIS 85017 (S.D.N.Y. Aug. 3, 2011) (rejecting request to proceed under pseudonym, holding that "plaintiff's use of a pseudonym is not justified by the mere fact that a case involves allegations of discrimination; such a result would require a plaintiff's anonymity in every one of the countless discrimination cases before this Court").

Plaintiff's reliance on *Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006) when arguing that the "intimate sexual nature" of this case merits a pseudonym is misplaced. In *Kolko*, the court granted a plaintiff's request to use a pseudonym in a case that involved the alleged sexual assault of a minor by a rabbi. *Kolko* thus addressed facts far different than those here, in which the interactions and conduct of middle-aged adults are at issue. Further, the motion to proceed under a pseudonym in *Kolko* was supported by far more than the plaintiff's lawyer's assertions.

Given the above, there is no basis to conclude that Plaintiff's claims are of a "highly sensitive and personal nature" such that a pseudonym is warranted.

### 2. Plaintiff has not presented any evidence of any risk of harm, whether physical or mental, to Plaintiff

There is no allegation – let alone a credible allegation – that this case implicates *Sealed Plaintiff*'s concern for "retaliatory physical … harm." To the extent Plaintiff asserts that "mental harm" may result, the assertions are wholly conclusory, speculative, and unsupported by fact.

Courts have rejected the use of a pseudonym even when a plaintiff presented evidence from the plaintiff's therapist supporting the claimed potential harm. *Doe v. Del Rio*, 241 F.R.D. 154, 161 (S.D.N.Y. 2006). Here, plaintiff does not even provide that level of evidence, relying solely on her counsel's re-packaging of the allegations of her Complaint. Plaintiff's further shortcomings are apparent when this case is compared with the sole 2017 case in which a Title VII plaintiff was allowed to proceed pseudonymously. In *Jaime Doe v. Fedcap Rehabilitation Services, Inc.*, 17-cv-8220 (S.D.N.Y., Oct. 25, 2017) ("*Jaime Doe* Matter"), the plaintiff, a transgender individual, alleges to have been subjected to workplace discrimination after being treated for breast cancer, undergoing a bilateral mastectomy, deciding not to undergo breast reconstruction, and then choosing to dress in typically male clothing in the workplace. Am. Compl. ¶¶ 27-32, *Jaime Doe* Matter. The plaintiff later legally changed names. Pl.'s Mem. Opp. Mot. Vacate at 7, *Jaime Doe* Matter.

Notable to this case, the *Jaime Doe* plaintiff underscored that the filed complaint gave the public no information from which plaintiff's name and identity could be discerned. *Id.* at 8-9. The opposite is true here, as Plaintiff's Complaint contains needless detail included by Plaintiff's counsel that can easily allow the public to determine Plaintiff's identity. (*See* Section II, below.) In support of the allegations that harm would result from public identification, the *Jaime Doe*

-10-

plaintiff provided the court with statistical evidence showing anti-transgender discrimination in the United States. *Id.* at 5. While the plaintiff initially won the ability to proceed under a pseudonym in *Jaime Doe*, the Court may yet direct otherwise, as a motion to vacate is pending. *See generally id.* Unlike *Jaime Doe*, there is no unique risk inherent to Plaintiff's status that would be disclosed if her request to proceed under a pseudonym is denied – a fact she implicitly concedes. Instead, the only "risks" that Plaintiff points to in this case are entirely speculative: her counsel speculates that Plaintiff's new business venture may be impacted negatively if she proceeds under her own name.

Plaintiff cites only *Doe v. Hartford Life and Accident Insurance Co.* to support her argument that her mental health is at risk if her request to proceed pseudonymously is denied. *Hartford Life* is unavailing and in fact supports Canon's position here. In *Hartford Life*, the District of New Jersey reversed a magistrate judge and ordered that the plaintiff could use a pseudonym in litigation. 237 F.R.D. 545 (D.N.J. 2006). The issue in *Hartford Life* was whether the plaintiff, a lawyer, should be required to publicly disclose his diagnosis of bipolar disorder in litigation against an insurer for the alleged wrongful denial of long-term disability. *Id.* at 547. Unlike this case, the plaintiff's mental illness was "directly tied to the subject matter of the litigation," making the case analogous to "a woman seeking an abortion or a homosexual fired from his job because of his sexual orientation." *Id.* at 550. When granting the request to proceed pseudonymously, the court credited the plaintiff's evidence that he had "conscientiously worked to keep his illness confidential," noted that mental illness carries a stigma in society, and stated that the plaintiff may not pursue the claim if required to proceed under his own name. *Id.* at 548. Finally, the court specifically noted that the fact that the plaintiff was a lawyer made it more likely that this stigma would play out in his professional life, as his "coworkers and customers

are attorneys who may arguably follow this case" and the resulting awareness of his mental illness could damage his professional standing. *Id.* at 550.

Here, Plaintiff's alleged and speculative psychological harms are not supported by actual evidence. She presents only the assertions of her lawyer – and thus gives the Court far less than did the plaintiffs in *Kolko* and *Hartford Life*. In *Kolko*, the plaintiff provided what the court found was "sufficiently particularized" evidence of potential harm from the plaintiff's psychologist and from the plaintiff himself. 242 F.R.D. at 194-96. In *Hartford Life*, the request to proceed pseudonymously was supported by an affidavit from the plaintiff and his psychiatrist – not merely his pleadings and statements from counsel. 237 F.R.D. at 547. Plaintiff also fails to give the Court any evidence to support her conclusory assertions that her status as an accuser will necessarily result in harm. In contrast, the *Kolko* court relied upon articles (submitted by the defendant rabbi) that explained the extent to which an accusation of sexual assault within the Orthodox Jewish community is likely to cause the accuser to be judged harshly by that community. 242 F.R.D. at 197. Similarly, in *Jaime Doe*, the plaintiff provided statistics regarding anti-transgender discrimination in the United States when describing the risks that the plaintiff would face if named. Pl.'s Mem. Opp. Mot. Vacate at 7, *Jaime Doe* Matter.

Plaintiff's feared harm is further and fatally undermined by the broad societal acceptance and support of harassment accusers that has been sparked by the #metoo movement, which she cites in the very first paragraph of her Complaint. Since its very start, a central and societally transformative aspect of #metoo is that scores of women exposed to sexual harassment identified themselves publicly as such – and received the support of thousands of people for doing so. *See, e.g.*, Anna Codrea-Rado, *#MeToo Floods Social Media With Stories of Harassment and Assault*

(New York Times, Oct. 16, 2017). Plaintiff's fear that she will be ostracized if the public learns

of her accusations is baseless, given the undeniable impact of the #metoo movement.

### 3.   Plaintiff has not presented any evidence of any risk of harm, whether physical or mental, to Plaintiff's son

As with the alleged possible harm to herself, Plaintiff gives the Court only speculation

and conclusory statements as a basis for her argument that her teenage son might be affected if

she is not allowed to proceed under a pseudonym. Despite plaintiff's hyperbole ("Plaintiff's son

will *inevitably* be harmed . . . ." Mem. Supp. Mot. to Proceed Under Pseudonym at 7

(Dkt. No. 8)), she cites no authority for the argument that a teenage non-party's interests justify

the use of a pseudonym solely on the basis that the teenager may be impacted negatively, *if* his

peers learn of the lawsuit, *if* they come to negative conclusions about the lawsuit, and *if* they

make statements to Plaintiff's son about their conclusions. Plaintiff cites only *Kolko*, discussed

above, to support the speculative argument that her son may someday be affected by this lawsuit.

As detailed above, however, *Kolko* addressed the risks to the *child accuser* of a rabbi in the

insular Orthodox Jewish community – and which included non-speculative evidence from the

plaintiff and his psychologist. 242 F.R.D. at 197. This case is not *Kolko*.

### 4.   Canon will be prejudiced by allowing Plaintiff to proceed under a pseudonym

Canon is now and will continue to be prejudiced by the fact that Plaintiff is "shield[ed]

from accountability" for the claims she brings. *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225

(S.D.N.Y. 2015).

A central tenet of public court proceedings – and the fundamental purpose of a public

jury trial, which plaintiff has demanded here – is that the critical issues of credibility must be

weighed and decided. *See id.* To that end, defendants such as Canon are entitled "to confront[] an

identified accuser." *Id.* In *Delta Airlines*, this Court required the plaintiff airline passenger to

proceed to trial under her actual name against the defendant airline, crediting the airline's concern that allowing the plaintiff "to remain anonymous at trial would shield her from accountability before the jury for making meritless claims." *Id.* The Court concluded: "If plaintiff were permitted to prosecute this case anonymously at trial, Delta would be placed at a serious disadvantage, for it would be required to defend itself publicly before a jury while plaintiff could make her accusations from behind a cloak of anonymity." *Id.* (citing *Shakur*, 164 F.R.D. at 361) (alterations omitted).

The *Delta Airlines* reasoning applies squarely here. Plaintiff is publicly accusing Canon and five non-party employees – by name – of wrongdoing. Her lawyer has spoken to at least one reporter about the allegations, while relying on the very "press coverage" in which counsel participated as a basis for shielding this action from full public scrutiny. Canon is entitled to respond to these allegations fully and fairly by presenting all relevant information so that the public may understand how its courts are being used. *Sealed Plaintiff*, 112 F.3d at 872 ("Certainly, '[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.'") (quoting *Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir. 1997)).

### 5.   The public interest is not served by allowing Plaintiff to proceed under a pseudonym

Plaintiff relies on an unpublished case from the District of Minnesota when asserting that the public has no interest in knowing who initiated this federal lawsuit against Canon. Yet Plaintiff incorrectly informs this Court that the action in question – *Doe v. University of St. Thomas,* No. 16–cv–1127–ADM–KMM, 2016 WL 9307609 (D. Minn. May 25, 2016) – involved the name of a college student who brought a campus complaint of sexual assault. Mem. Supp. Mot. Proceed Under Pseudonym at 10. In fact, in *University of St. Thomas*, the District of

Minnesota allowed the plaintiff to proceed under a pseudonym because the plaintiff was the alleged perpetrator of the sexual assault and was challenging the discipline imposed by the university – and so the court found that requiring the plaintiff "to proceed under his true name would guarantee a permanent label as a sex offender . . . arguably worse than the reputational harm he complains of from the University's confidential disciplinary proceedings." *Doe v. Zinke*, No. 17-2017 (SRN/FLN), 2018 U.S. Dist. LEXIS 39157, at *4 (D. Minn. Feb. 14, 2018) (citing *University of St. Thomas*, slip op. at 3).[6]

Plaintiff's mischaracterization of the facts of *University of St. Thomas* demonstrates why the public is not served by allowing her to proceed pseudonymously: She is trying to do the very thing that *University of St. Thomas* prohibited, which is to publicly tar the alleged perpetrator of the harassment and his former employer, Canon, while she remains cloaked in anonymity. There is otherwise no reason for Plaintiff to include in her Complaint details about the alleged perpetrator's current employment after stating that he was fired by Canon. Complaint ¶¶ 216-17. There is no legitimate reason for Plaintiff to rail against Canon that the alleged perpetrator has not suffered "a negative impact on his career" (*Id.* ¶ 216); to the contrary, Plaintiff apparently intends her anonymous allegations to bring about that "negative impact" herself. This does not serve the public interest.

## II.   Plaintiff's Filings in This Case Moot her Request to Proceed Under a Pseudonym

Plaintiff's request to proceed under a pseudonym fails on its merits, for the reasons set out above. Plaintiff's counsel's claims of wanting to protect her client from public identification are wholly contradicted by the decisions that counsel made when drafting and publicly filing the Complaint. First, counsel filled her Complaint with extraneous and irrelevant details that allow

---

[6]   The *University of St. Thomas* case also relied specifically on a line of authority in which college students are afforded the ability to proceed under a pseudonym when challenging confidential disciplinary proceedings.

anyone with access to any web search engine to discern Plaintiff's name. Second, counsel did not take care to properly redact the documents filed with the Court, such that the digital redactions may be easily digitally removed to reveal Plaintiff's full name, as described below.

Plaintiff's counsel included several specific and identifying details about Plaintiff in her Complaint. As explained above, it takes only 46 keystrokes and access to a web search engine to reveal and then confirm Plaintiff's full name, using only information provided in the Complaint. Plaintiff's counsel did not need to include the fact that Plaintiff was elected chair of PRIMIR in 2016, nor that she was inducted into the Soderstrom Society in 2016; these details supports no claim or cause of action. In fact, the little (if any) context added by these details could be achieved through generic references to "industry groups" and "awards." The fact that Plaintiff's counsel decided to publicly disclose these details moots her motion to proceed under a pseudonym. Importantly, the extraneous details included in the Complaint are specific to the printing industry – the very industry in which Plaintiff asserts that she needs protection from disclosure of the details of her lawsuit. It seems possible, even likely, that Plaintiff's decision to identify herself as the 2016 PRIMIR Chair and a 2016 inductee to the Soderstrom Society will do more to bring the attention of the printing industry to this case than would Plaintiff's name alone.

Plaintiff's counsel's ineffective and careless redactions likewise moot her motion. As explained above, counsel did not ensure that the attempted redactions of Plaintiff's name were properly applied. This carelessness is contrary to Fed. R. Civ. P. 5.2, the drafters of which warned: "Parties must remember that any personal information not otherwise protected by sealing or redaction will be made available over the internet. Counsel should notify clients of this fact so that an informed decision may be made on what information is to be included in a document filed with the court." Fed. R. Civ. P. 5.2 (2007 cmt.).

Counsel's attempts to publicize this case likewise undercut Plaintiff's motion. It is difficult to reconcile Plaintiff's supposed fear of becoming publicly known with counsel's statements to the press and blog and Facebook posts – particularly given that counsel's website includes a link to the Complaint, which in turn provides needless details that easily allow Plaintiff's name to be discerned. Whatever the motivation for the blog and Facebook posts may be, it is certainly not the privacy of Plaintiff.

Finally, Plaintiff's decision to file her EEOC charge under her own name (a decision apparently made with the knowledge of her counsel, *see* Complaint Ex. A) and not through the confidential process available through the agency is fatal to her request to proceed under a pseudonym. In *Doe v. Bell Atlantic Business Systems Services*, 162 F.R.D. 418, 422 (D. Mass. 1995), the court determined that a plaintiff who seeks to proceed anonymously in court cannot do so if he or she proceeded under his or her actual name before the agency. The court's reasoning was clear: "[B]ecause plaintiff's true identity was revealed in administrative proceedings, the request for anonymity is effectively moot. Consequently, the plaintiff's motion to proceed under a pseudonym will be denied." *Id. Bell Atlantic* remains good law in the First Circuit and is persuasive here. *See, e.g.*, *Doe v. Word of Life Fellowship, Inc.*, No. 11-40077-TSH, 2011 U.S. Dist. LEXIS 78383, at *6-7 (D. Mass. July 18, 2011) (citing *Bell Atlantic* and denying motion to proceed under pseudonym); *Del Rio*, 241 F.R.D. at 160 & n.11 (same).

## CONCLUSION

Plaintiff fails to demonstrate that she is entitled to proceed under a pseudonym. She presents only conclusory and unsupported statements when asserting that the *Sealed Plaintiff* factors are satisfied; on balance, it is apparent that her aim with the Complaint and this motion is to publicize Canon's alleged omissions as broadly as she can while remaining cloaked under a

pseudonym. The Court should not condone this conduct, and Canon respectfully requests that

this Court deny Plaintiff's motion and direct her to re-file her Complaint in compliance with

Fed. R. Civ. P. 10(a).

DATED:  April 4, 2018                          Respectfully submitted,

                                               DORSEY & WHITNEY LLP


                                               By:  */s/ Amanda M. Prentice*

                                               Amanda M. Prentice (AP-0505)
                                               prentice.amanda@dorsey.com
                                               51 West 52nd Street
                                               New York, NY  10019
                                               Telephone:  (212) 415-9200
                                               Facsimile:  (212) 953-7201

                                               Melissa Raphan (application for admission
                                               *pro hac vice* forthcoming)
                                               raphan.melissa@dorsey.com
                                               50 South Sixth Street
                                               Minneapolis, MN  55402
                                               Telephone:  (612) 340-2600
                                               Facsimile:  (612) 340-2777

                                               John T. Sullivan (application for admission
                                               *pro hac vice* forthcoming)
                                               sullivan.jack@dorsey.com
                                               50 South Sixth Street
                                               Minneapolis, MN  55402
                                               Telephone:  (612) 340-2600
                                               Facsimile:  (612) 340-2777

                                               *Attorneys for Defendant Canon U.S.A., Inc.*