I468DOEC

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   JANE DOE,

 4                  Plaintiff,

 5           v.                           18 Cv. 2511 (GHW)

 6   CANON U.S.A., INC.,

 7                  Defendant.

 8   ------------------------------x

 9                                        April 6, 2018
                                          2:15 p.m.
10
     Before:
11
                         HON. GREGORY H. WOODS
12
                                          District Judge
13
                             APPEARANCES
14
     BERKE-WEISS LAW PLLC
15        Attorneys for Plaintiff
     BY:  LAURIE BERKE-WEISS
16        ALEXANDRA T. BERKE
          ROSA ALIBERTI
17
     DORSEY & WHITNEY LLP
18        Attorneys for Defendant
     BY:  AMANDA M. PRENTICE
19        MELISSA RAPHAN
          JOHN T. SULLIVAN
20

21

22

23

24

25
```

I468DOEC

1          (In chambers; phone conference)

2          THE COURT:  This is Judge Woods.  Do I have counsel

3     for plaintiff on the line?

4          MS. BERKE-WEISS:  Good afternoon, your Honor.  This is

5     Laurie Berke-Weiss, and I am here with my associates, Alex

6     Berke and Rosa Aliberti.

7          THE COURT:  Do I have counsel for defendant on the

8     line?

9          MS. PRENTICE:  Yes, your Honor.  This is Amanda

10    Prentice from Dorsey & Whitney.  And on the line is also

11    Melissa Raphan and Jack Sullivan, from our Minnesota office,

12    and they have pro hac vice motions that are pending before your

13    Honor, and I am just asking permission that they participate on

14    this call.

15         THE COURT:  I will permit them to participate in this

16    call, understanding that they have pro hac motions currently

17    pending.

18         I scheduled this conference to discuss the plaintiff's

19    motion to proceed anonymously in the case.  I have reviewed the

20    initial letter with respect to this issue.  I have also

21    reviewed the supplemental briefing that I requested from

22    plaintiff as well as the opposition presented by defendant.

23         I would like to give you the opportunity, if you wish,

24    to provide additional argument on the point before I make a

25    decision on the question.

I468DOEC                                                                          3

```
 1              First, let me hear from counsel for plaintiff.  Is
 2    there any argument that you would like to present to supplement
 3    your written submissions to the Court?
 4              MS. BERKE-WEISS:  Yes, your Honor.  Thank you.
 5              May it please the Court, we believe that applying the
 6    factors laid out by the Second Circuit in Sealed Plaintiff v.
 7    Sealed Defendant to the facts as pled should permit plaintiff
 8    to proceed with the case as Jane Doe.
 9              Before I add to my arguments, I just want to address
10    the redaction defect that was pointed out by defendant.  We
11    appreciate defendant's counsel bringing this matter to our
12    attention.  Unfortunately, your Honor, we used a software which
13    did not permanently redact the selected material.  But similar
14    to the finding in Doe v. University of St. Thomas, the
15    technical glitch should not lose our argument for an anonymous
16    filing.  There is no evidence that anyone other than
17    defendant's counsel attempted to delete our redactions.  In any
18    event, the information that we attempted to redact, which was
19    the plaintiff's name, her address, and the name of certain of
20    defendant's employees is all information that defendant had
21    before the action was filed, and that information has been
22    available to it and will continue to be available to it.
23              In short, your Honor, plaintiff should not be punished
24    for our error.  And if the Court grants this motion, we would
25    ask that the clerk be directed to remove the complaint posted
```

1    on ECF -- pardon me, to remove just the exhibits to the

2    complaint that are posted, and to permit us to file in its

3    stead properly redacted exhibits which are identical in all

4    other respects to the current exhibits.

5         Going to the merits, we believe it's self-evident that

6    the litigation involves matters that are highly sensitive and

7    of a personal nature.  The complaint, which expands on the

8    plaintiff's sworn charge filed with the EEOC, provides

9    sufficient detail about the truly vile sexual harassment which

10   she suffered, as well as its continuing impact on her mental

11   and emotional health.

12        Similarly, as required by the second factor, it is

13   self-evident that proceeding under her own name will exacerbate

14   the mental harm to her.  She has been diagnosed, as we said in

15   our papers, with PTSD and depression.  As well as to her

16   teenage son, who stands to be exposed to ridicule and bullying

17   by others because of the unwanted sexual harassment suffered by

18   his mother.  The fact is that while the plaintiff's former

19   colleagues will be able to identify the plaintiff through

20   details that we have provided in the complaint, members of her

21   community, who know her as a wife, mother and businesswoman, do

22   not know about the facts and circumstances of this case.  To

23   them, this matter is completely invisible.

24        But if she is compelled to sue under her own name,

25   personal and business acquaintances will be able to learn all

I468DOEC

the salacious details which comprise this case simply by

Googling her name on the Internet.  There will be no need to

follow the road map that defendants have offered.  Her name

will grant ready access to all the details.  There will be no

way to keep the matter out of the public eye, and this will

further harm her mental health because she will have to deal

with it in her direct and indirect dealings with members of her

community.  And she will also have to deal with the fact that

her son could be, and most likely will be, the subject of

gossip, ridicule, and bullying because of what happened to her.

At the same time, there is no prejudice to defendant

by allowing plaintiff to proceed as Jane Doe.  Canon knows who

she is.  They have had access to the facts alleged for the last

year and a half.  They have interviewed her, gone to mediation

with her at the EEOC.  There was an effort from the first time

this matter was brought to Canon's attention in November of

2016 to be transparent and forthcoming.  Plus, even if

anonymity is granted now, the Court is free to compel plaintiff

to proceed to trial under her own name, so as not to prejudice

defendant at trial.  This is similar to the decision that was

issued by Judge Engelmayer in *Doe v. Delta Airlines*.

Similarly, there is no overarching public interest in

disclosing plaintiff's name.  She is a private person, with no

public profile, and she just wishes to be protected against the

disclosure of private, intimate details that are included in

6

I468DOEC

1   the complaint.  The public interest is in the facts of the

2   case, and they will remain fully available by ECF.

3           Thank you, your Honor.

4           THE COURT:  Thank you.

5           Counsel for defendant.

6           MS. RAPHAN:  Yes, your Honor.  This is Melissa Raphan,

7   and I appreciate you letting me participate in the argument

8   today.

9           So on behalf of Canon, your Honor, plaintiff is really

10  seeking a very extraordinary remedy here.  Extraordinary is the

11  word that every one of these cases uses to describe a departure

12  from the requirements of Rule 10, and it is extraordinary in my

13  experience.  I have been handling these cases for 30 years, and

14  I have never had a plaintiff ask to proceed pseudonymously.

15          It is also extraordinary that a request is being made

16  on this record in which there is an absence of particularized

17  information and plaintiff's counsel has taken steps to

18  publicize the case.  She has attracted publicity by talking to

19  Bloomberg and getting cited, posting the complaint on the law

20  firm's blog and Web site, and identifying plaintiff through

21  unique identifying information in the complaint.

22          Plaintiff has failed to make any showing as to why the

23  relief sought should be allowed.  In addition, her request has

24  been made moot by plaintiff's counsel's conduct.  And the

25  redaction issue aside, and the fact that she says we don't know

I468DOEC

```
1     if anyone has sought it, the point is she has been out there in
2     the public for the amount of time that the complaint has been
3     on file, and certainly the public has had access to it.
4              Plaintiff's complaint is 52 pages, and it breaks down
5     into 32 pages and 220 paragraphs of allegations, the bulk of
6     which are completely irrelevant to her claim and need not be in
7     her complaint.  And I point this out because when she talks
8     about the fact that she is private person, the way she has
9     selected to plead out this complaint has created some of the
10    issues that she is pointing to now.  She has 14 separate counts
11    of harassment and retaliation, and the first paragraph of her
12    complaint is essentially the opening paragraph to an opposition
13    to a motion for summary judgment.
14             So plaintiff is using the complaint to tell her story.
15    She is going way above and beyond what is required under *Iqbal*
16    and *Twombly*, and she is including gratuitous information which
17    has disparaged Canon employees, whose names there is no reason
18    for them to appear.
19             In addition to including gratuitous information in the
20    body of the complaint, she included gratuitous materials which
21    need not have been included and which she doesn't need to seek
22    her relief.  She included the investigative report and she
23    included text messages.  And I believe that counsel herself
24    used the word "salacious" in her brief, and in a sense, she has
25    created these salacious allegations that she includes in the
```

complaint.  In addition, she has identified -- the redaction

issue aside -- paragraph 27 and 28, with 42 keystrokes in

total, telling you who she is.

          None of the cases on which she relies has any fact

pattern even close to this, and plaintiff's counsel's conduct

in publicizing the complaint, and the way she has pled the

complaint out, which tell the public who she is, eliminate any

arguable need to allow her to proceed anonymously.

          As it relates to the cases, she hasn't cited a single

case which would support allowing her to proceed as she has

requested here.  And I think the *Sealed Plaintiff* case makes

very clear that the headline for the court is whether her

interest in anonymity, when balanced against both the public

interest in disclosure and prejudice to defendants, is

outweighed.  And the answer in this case is no.

          The case that she relies most heavily on, *Doe v.*

*Kolko*, simply doesn't apply.  And I would like to point out --

I don't think we addressed this in our brief -- that in

addition to the fact that this case does not involve a sexual

assault on a child, and we don't have a plaintiff's affidavit

noting that community members had actually threatened

retaliation if she proceeded, the court actually pointed out on

page 6 of the opinion that the court's discomfort at allowing

the plaintiff on those unique facts in that case was lessened

by the fact that there were two other plaintiffs who had

I468DOEC

1    disclosed their names, so that there were plaintiffs proceeding

2    publicly against the defendant in that case.

3          I think this case is much closer to *Doe v. Del Rio*,

4    which we cite on page 7 of our brief, in which the plaintiff's

5    anonymity had been compromised, and the court found that

6    concealing the plaintiff's name could deprive the defendant of

7    an opportunity that witnesses would come forward with valuable

8    information about events and credibility of witnesses.  The *Del*

9    *Rio* reasoning on this point is raised in the case of *Doe v.*

10   *Delta*, in which the court also denied the plaintiff's request

11   to proceed anonymously.  And that reasoning applies here.

12         If we look at the ten factors under which the *Sealed*

13   *Plaintiff* case directs the Court to consider, I am just going

14   to run through them quickly because I think it's just important

15   to understand that they actually, in this case, all weigh in

16   Canon's favor and against having her proceed anonymously.

17         Factor one, whether the litigation involves matters

18   that are highly sensitive and of a personal nature, under the

19   *Doe v. Del Rio* and the other cases we cite, weighs in Canon's

20   favor.

21         The second factor, whether the identification poses a

22   risk of retaliatory physical or mental harm, again weighs in

23   Canon's favor.  There has been no actual showing here, your

24   Honor, no particularized showing that indicates that.

25         Factor three weighs in Canon's favor.  This case does

I468DOEC

not fit into the *Doe v. Hartford Life* where the injury that the
plaintiff is actually seeking to remedy would be compromised if
the plaintiff had to proceed in a matter that was public.

And factors four, five and six weigh in Canon's favor.

I want to focus on factor seven.  Factor seven is
whether the plaintiff's identity has thus far been kept
confidential, and I think, in addition to what I have already
identified, plaintiff did file an EEOC charge, and to use the
words of the *Corley v. Vance* court, the cat is already out of
the bag.

Factor eight, whether the public's interest in the
litigation is furthered, the answer is yes, and that really
goes to the fundamental purpose underlying Rule 10, which is to
have public access to the courts.

Canon is prejudiced by having this plaintiff proceed
pseudonymously in this case.  The plaintiff has put the case in
text and the investigative report in the limelight.  And what
the *Del Rio* and the *Delta* court really talk about is the fact
that having public access and having the plaintiff's name in
the record allows people to come forward and talk about the
events and talk about credibility issues as it relates to
witnesses.

As this complaint has been pled out, the plaintiff has
identified a number of instances where she was on trips where
she alleges that inappropriate behavior took place.  A number

I468DOEC

```
1    of people on the trips -- it sounds like a number of them were

2    trade shows -- they all might have something to say about this

3    case if the complaint were filed, because they may not be Canon

4    employees and they may be in a position where they would be in

5    a position to comment but won't know that the suit is going on

6    unless it is publicly filed.

7              So in this case, your Honor, in addition to the fact

8    that she has not even made the particularized showing required,

9    such that you need never reach the issue of prejudice, there is

10   prejudice in the way the case has been handled, in the way it

11   has been pled out, and all ten factors under Sealed Plaintiff

12   weigh in Canon's favor and against having to proceed

13   anonymously.

14             THE COURT:  Thank you very much.

15             Any rebuttal argument from plaintiff?

16             Counsel.

17             MS. BERKE-WEISS:  Yes, your Honor.  Thank you.

18             I don't know exactly where to start since some of the

19   descriptions of the case that counsel have given are really not

20   entirely on point.  In fact, I will go back to the Doe v. Delta

21   case.  In that case, the plaintiff was allowed to proceed

22   anonymously until trial.  At trial, she wasn't allowed to

23   proceed anonymously.  That's exactly the argument that we have

24   made.

25             In terms of the Canon investigative report and the
```

I468DOEC

EEOC proceeding, that charge is not public, your Honor.  And in

fact, the investigative report, it's worth noting that the EEOC

determined that that report could not be filed confidentially.

That's why it's attached to the complaint.  The complaint is

pled as it is because we believe, we know that our client has

suffered significant damages, and the only way that she can

make her case for those damages is if she can plead them in the

complaint.

It's really quite astounding to think that a defendant

would object to a well pled complaint.  We have given them a

road map to what our case is about.  We have done it since day

one, your Honor.  And I think that we have really, frankly,

done them a favor because we have given them advance discovery.

We have told them what this case is about.  They have

investigated this case up and down.  They obviously didn't

believe our client.  They didn't think that her claims were as

we see them.  They had an opportunity in that investigation to

meet with all of their employees, people who work with my

client, people who went to trade shows, people who traveled

with her.  They are all in the same industry that she was in

before she was driven out of it.  And these claims, they are

highly sensitive and unusual, and if they didn't do an adequate

investigation over the last year and a half, when they have had

complete access to the facts and key players, then I think it's

a bit like the boy who cried wolf, that they shouldn't be

I468DOEC

permitted to say now that they are prejudiced because they

didn't speak to people who may or may not be available to them

or interested in speaking to them, aside from the fact that, by

defendant's own admission, these people in the industry can

figure out who the plaintiff is by hitting 47 keystrokes.

        I could go on and talk about the case.  The *Kolko* case

is cited for a limited purpose, your Honor, and it has been

misapplied by the defendants.  Our brief goes into why we cited

it.

        In terms of whether the Court could use additional

evidence to support our application, first of all, if the Court

asks us to supplement what we have submitted, we would be very

pleased to do that.

        Second of all, there are cases where anonymity was

granted by the court, by the Southern District -- I will name

the two of them -- and there appears to be no extra evidence

provided other than the complaint that was filed with the

court.  One is *Grottano v. City of New York*, and the other is

*Next Phase Distribution*, and in that case, defendants were

given anonymity.  They were defendants who allegedly downloaded

pornography.  Because of the highly sensitive nature and

privacy issues that could be linked with the downloading of

pornographic files, the court determined that since they did

not know, the court could not discern at the early stage of the

litigation whether the defendants were properly named, they

I468DOEC

1    granted them anonymity.

2           In terms of the unusual application that we have made,

3    I too have practiced for many decades, your Honor, and this is

4    the first time I have ever filed seeking a Jane Doe pseudonym

5    for a plaintiff.  I have never done it before.  And the fact is

6    that this is a highly sensitive, unusual case.  I have got a

7    plaintiff who is truly suffering because of her mental health

8    because of what happened to her, and I would like to see her

9    get her day in court.  I would like to see her avoid any more

10   harm to her mental health, and at the same time, as I have

11   said, your Honor, to the mental health and well-being of her

12   son, who is an innocent party in all of this, but who will be,

13   of course, exposed to the aftermath of disclosing his mother's

14   name and exactly what happened to her while she was in Canon's

15   employ.

16          I rest on my brief and on my argument, and certainly,

17   your Honor, if you have any questions, I would be pleased to

18   answer them.

19          THE COURT:  Thank you very much.

20          Thank you very much, counsel, for your arguments and

21   for your submissions to the Court in connection with this

22   application.

23          I believe I am prepared to rule on the motion to

24   seal/to proceed under a pseudonym now.  Give me a few moments

25   as I first review the basic law with respect to this issue and

I468DOEC

1   the procedural status of the case.  Then I will analyze the

2   factors under the *Sealed Plaintiff* case, following a brief

3   overview of certain of the, I will call it, overarching

4   concerns regarding the application.

5          In order to eliminate the drama, I expect to deny the

6   request to proceed in this case under seal.  I think that it is

7   an extraordinary request, and I think that the interest of the

8   public generally in judicial proceedings should not be set

9   aside lightly, and as I balance the factors, my ultimate

10  conclusion is that that general principle drives the conclusion

11  that in order to proceed, Jane Doe must not proceed under that

12  name but under her true name.

13         First, an overview of where we are procedurally and

14  with respect to the law as a whole.

15         On March 20, 2018, plaintiff filed this case under the

16  pseudonym Jane Doe, Docket No. 1, and requested leave to

17  proceed anonymously, Docket No. 4.  That same day, the Court

18  solicited additional briefing regarding why plaintiff should be

19  allowed to proceed anonymously, pointing the parties to the

20  *Sealed Plaintiff* case, Docket No. 5.

21         Just as an aside, I was going to issue an order to

22  show cause with respect to this issue before I got the letter.

23         In response to the Court's order, on March 28, 2018,

24  plaintiff filed a motion to proceed anonymously, and on April

25  4, 2018, defendant filed an opposition.  For the reasons that

I468DOEC

1    follow, as I said, plaintiff's motion is denied.

2            Rule 10 of the Federal Rules of Civil Procedure

3    provides that "the title of the complaint must name all the

4    parties."  This requirement is not a mere formality, but

5    "serves the vital purpose of facilitating public scrutiny of

6    judicial proceedings and therefore cannot be set aside light."

7    *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d

8    Cir. 2008).  In considering whether to allow a plaintiff to

9    file under a pseudonym, the Court must balance "the plaintiff's

10   interest in anonymity against both the public interest in

11   disclosure and any prejudice to the defendant."  *Id.* at 189.

12   The Second Circuit has "noted with approval" a list of

13   non-exhaustive factors that courts should consider when

14   proceeding with such an inquiry:

15           "(1) whether the litigation involves matters that are

16   highly sensitive and of a personal nature; (2) whether

17   identification poses a risk of retaliatory physical or mental

18   harm to the ... party seeking to proceed anonymously, or even

19   more critically, to innocent nonparties; (3) whether

20   identification presents other harms and the likely severity of

21   those harms, including whether "the injury litigated against

22   would be incurred as a result of the disclosure of the

23   plaintiff's identity; (4) whether the plaintiff is particularly

24   vulnerable to the possible harms of disclosure, particularly in

25   light of his age; (5) whether the suit is challenging the

I468DOEC

actions of the government or that of private parties; (6)

whether the defendant is prejudiced by allowing the plaintiff

to press his claims anonymously, whether the nature of that

prejudice (if any) differs at any particular stage of the

litigation, and whether any prejudice can be mitigated by the

district court; (7) whether the plaintiff's identity has thus

far been kept confidential; (8) whether the public's interest

in the litigation is furthered by requiring the plaintiff to

disclose his identity; (9) whether, because of the purely legal

nature of the issues presented or otherwise, there is an

atypically weak public interest in knowing the litigants'

identities; and (10) whether there are any alternative

mechanisms for protecting the confidentiality of the plaintiff.

         *Id.* at 190.  (citation, internal quotation marks, and

alterations omitted).

         I am going to go through each of the factors in brief

momentarily.  Before that, I am going to highlight certain

relevant considerations before coming back to a weighing of

each of the pertinent factors.

         First, I want to highlight that the conduct alleged

here -- among other things, sexual harassment -- is, without

question, very sensitive.  However, I do note that while

plaintiff seeks to pursue these claims anonymously, she did not

hesitate to identify many other individuals by name in her

complaint.  Indeed, plaintiff identified her alleged harasser

I468DOEC

1   in the third sentence of her complaint, complaint at paragraph

2   1, and also promptly publicized the case, alternately

3   explicitly naming the alleged harasser in the press in one

4   instance, and in another providing a hyperlink to the

5   complaint, which conspicuously names him.  Declaration of

6   Amanda M. Prentice, Exhibits A and B.  Plaintiff did choose to

7   protect the identities of some individuals, e.g., complaint,

8   Exhibit B at 2, but revealed the names of many others, e.g.,

9   complaint paragraphs 37 and 158.  Plaintiff here is requesting

10   that she be permitted to proceed pseudonymously because of the

11   salacious nature of the underlying events, but does not afford

12   the alleged harassers the same treatment.

13          Further, as defendant highlighted in its opposition,

14   plaintiff identified several details in her complaint that make

15   her easily identifiable.  I will come back to these momentarily

16   as I assess the seventh *Sealed Plaintiff* factor.  But the last

17   overarching point that I would like to raise is the simple fact

18   that, as both counsel here have recognized, hundreds, or I

19   should say many, of unique, often sensitive employment

20   discrimination cases are filed in this and other districts of

21   this country every year, and very few are allowed to proceed

22   anonymously.  See, for example, defendant's opposition, Docket

23   No. 10, at 7-8.  So I rate this request as somewhat

24   extraordinary in light of the broad preference for the public

25   conduct of litigation that's articulated by the circuit in the

I468DOEC

1    *Sealed Plaintiff* case.

2             I am going to review in brief some of the *Sealed*

3    *Plaintiff* factors.  As I will conclude, having weighed these

4    factors in the aggregate against the public interest in

5    disclosure and prejudice to the defendant, my ultimate

6    conclusion is that the plaintiff should not be allowed to

7    proceed anonymously.

8             With respect to the first factor, there is no question

9    that this litigation involves matters that are highly sensitive

10   and of a personal nature.  I do not underestimate that factor

11   and provide it with significant weight.

12            With respect to factor two, I have no specific

13   information that suggests retaliatory physical or mental harm

14   to Jane Doe.  There is no such evidence before me or

15   allegations before me.  So I do not weigh this factor highly.

16            Factor three asks whether there are other harms

17   associated with identification and the severity of those harms.

18   And I recognize the other harms that plaintiff has suggested

19   here, including the reputational harm to her potentially as a

20   result of the disclosure of this information, and I do not

21   minimize those potential harms, particularly given the fact

22   that, as asserted by plaintiff, she suffers from PTSD.  I also

23   recognize the asserted harm with respect to her child who, it

24   is asserted, could be mocked as a result of the disclosure of

25   this information regarding his mother in a more public manner.

I468DOEC

1          With respect to this factor, I do believe that it is

2     somewhat informed by the arguments raised by defendants.  The

3     complaint is extremely detailed and goes well beyond Rule 8's

4     requirement for a complaint, and then has been used in what I

5     believe the defendants essentially argue as an offensive -- in

6     the sense of offense versus a defense -- manner.  The fact that

7     other harms may occur as a result of the disclosure of this

8     complaint are, in part, a creature of plaintiff's making.  I do

9     accept the arguments by defendant that by including such

10    salacious arguments and references to the plaintiff's child in

11    these submissions, some of this problem is one of her own

12    making in the way that the case has been framed and

13    affirmatively publicized.  And so while I recognize the

14    potential harms, I also discount that somewhat as a result of

15    the fact that the case has been presented in a way that appears

16    to be intended to present tactical benefits for plaintiff, and

17    as a result, I reduce the weight accorded to that factor.

18          With respect to factor four, namely, whether the

19    plaintiff is particularly vulnerable to the possible harms of

20    disclosure, I don't understand her to be particularly

21    vulnerable to the harms of disclosure.  I understand the PTSD

22    issue that was otherwise mentioned.  I also, however,

23    understand that she is a successful businesswoman and that,

24    through her counsel, she has been advertising the existence of

25    this litigation.

I468DOEC

```
 1          I understand, with respect to the age issue, that she
 2   is not a minor or otherwise of a fragile age.  Her child is
 3   younger.  Again, however, this factor does not ask me to look
 4   particularly to the family members of the plaintiff, but rather
 5   to the plaintiff herself.  I have assessed the potential risk
 6   of the child being treated badly as a result of the disclosure
 7   of this fact as part of my assessment of the third factor.
 8          With respect to the fifth factor, this case is
 9   challenging the action of a private party and, therefore, I
10   believe weighs in favor of disclosure.  I believe that the
11   defendant is prejudiced by allowing the plaintiff to press her
12   claims anonymously, and I have evaluated to what extent this
13   fact differs at this early stage in the litigation and whether
14   the prejudice could be mitigated by me in some other way.  I
15   accept the proffer by the defendant regarding the impact of the
16   anonymous complaint on their ability to investigate the claims
17   here.  I don't have information beyond the argument by counsel
18   for plaintiff that defendant's argument is inept.
19          But, moreover, I look again to the affirmative conduct
20   by plaintiff in affirmatively publicizing this complaint.  It
21   appears that the plaintiff has used as a tactical matter a
22   salaciously crafted complaint in order to tar the defendant and
23   the named identified individuals in the complaint.  There is
24   prejudice to defendant from that fact as well as from the fact
25   that proceeding anonymously may impact their ability to
```

I468DOEC

investigate the case.

I have considered whether or not disclosure could be delayed.  Given the factors that I just described, I don't believe it's appropriate to defer disclosure to a later stage in the litigation.

With respect to point seven, plaintiff's identity has not been kept completely confidential to this date.  As I understand it, there is an EEO charge.  Therefore, requiring if not the publicity of her identity, it has been made a matter of public record.  I do not fault plaintiff significantly for the technical glitch.  I will say that it's evident on ECF, I noticed it in just reading through the complaint when the case came in, but I don't hold that strongly against the plaintiff.  However, plaintiff's decision to include very detailed information about her, through which it can be determined her identity, weighs against plaintiff in this instance.  If plaintiff was seeking desperately to maintain the confidentiality of her identity, the details provided in the complaint need not have been so clearly pleaded by presenting all of those specific details, which it is not apparent to me are necessary to defeat a motion to dismiss.  I believe that plaintiff has undermined the argument that her identity should be kept confidential.

With respect to point eight, I weigh this factor very highly in favor of disclosure.  That is because I believe that,

I468DOEC

1    as a general matter, there is a strong public interest in legal

2    proceedings occurring in the open.  This is not the Star

3    Chamber.  There are great benefits to requiring parties to

4    litigate their cases in the open, and there is a presumption,

5    indeed, of public access to judicial documents, and no document

6    is more critical in that regard than the case-initiating

7    document like this, the complaint.  So I weigh very highly the

8    public interest in any litigation, this one included.

9            Now, with respect to whether or not this particular

10   case is of great public interest, again, I am informed in part

11   by the conduct of plaintiff and her counsel who have publicized

12   this litigation, which suggests to me that plaintiff believes

13   that there is some public interest in the subject of this

14   litigation, which from my perspective undermines an argument

15   that the public is disinterested in this litigation or that the

16   public should not be permitted to know the identity of the

17   litigants here.

18           With respect to point ten in the *Sealed Plaintiff*

19   case, I have considered whether there are alternative

20   mechanisms for protecting the confidentiality of the plaintiff,

21   but on balance, reviewing all of the factors as a whole, I

22   don't believe that plaintiff is entitled to that protection.

23   Instead, I believe that the interest of the public and cases

24   generally, and this case which has been affirmatively

25   publicized by the plaintiff in particular, overcomes her

I468DOEC

1    interest in proceeding anonymously.

2            So having balanced the interests of the plaintiff, the

3    defendant, and the public, I believe that the relevant factors

4    weigh against permitting plaintiff to proceed anonymously in

5    this case.  "The people have a right to know who is using their

6    courts."  *Sealed Plaintiff*, 537 F.3d at 189 (quoting *Doe v.*

7    *Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir.

8    1997)).  As a result, assuming that this case will be

9    proceeding here, the plaintiff is directed to refile her

10   complaint under her own name, without redactions.

11           I am going to direct that the complaint be filed with

12   those unredacted documents no later than April 10, and I will

13   issue a separate order denying the letter motion and its

14   request to proceed anonymously.  That order will refer to the

15   transcript of today's proceedings for the basis for the

16   decision, and it will set forth the deadline for the plaintiff

17   to file the complaint identifying her and the unredacted

18   versions of the attachments by April 10.

19           Good.  Is there anything else that we should discuss

20   in this conference?

21           Let me say I expect to be scheduling an initial

22   pretrial conference in the case.  I will try to do so in

23   relatively short order, as I understand that the parties are

24   focused on this.  I hope to issue an order scheduling the

25   initial pretrial conference shortly, and so you can expect that

I468DOEC

1    on the docket.

2              Anything else before we adjourn?

3              Counsel for plaintiff.

4              MS. BERKE-WEISS:  Yes, your Honor.  In filing the

5    unredacted documents in our client's true name, may we continue

6    to redact, and properly redact, her address and the names of

7    the employees who were redacted initially in the investigation

8    report?

9              THE COURT:  Thank you.

10             Please refer to my individual rules with respect to

11   redaction requests.  It will provide you some feedback about

12   how to request such limited redactions.  You should also look

13   to the civil rules which provide redactions that are

14   presumptively permitted.  I don't know the answer to the second

15   of your two specific questions.  I don't know whether, in fact,

16   you have a copy of the report that does not contain the

17   redactions.

18             MS. BERKE-WEISS:  We do, your Honor.

19             THE COURT:  Thank you.

20             To the extent you're planning to file something that

21   another organization has already determined to be appropriate

22   for redaction, I don't expect that I would question that at the

23   outset, but you should follow my individual rules and I will

24   evaluate that.  I think, though, that my guidance will be that

25   I expect not to require you to file that attachment in an

I468DOEC

1    unredacted form because I understand that a version of that

2    report that was initially provided to you is itself redacted.

3    I provide you with that guidance, but it's subject to

4    reconsideration in the event that there is further information

5    that I need to take into account in evaluating it.

6            MS. BERKE-WEISS:  Just to be clear, the report that we

7    are referring to was obtained by us in an unredacted form.

8            THE COURT:  Thank you very much.  In which case I am

9    not sure that I would permit it to be redacted.  To the extent

10   that redactions are desired, or desirable, please write me, in

11   accordance with the terms of the individual rule that applies,

12   and I will decide.

13           MS. BERKE-WEISS:  Thank you, your Honor.

14           THE COURT:  Thank you.

15           Anything else on behalf of defendant?

16           MS. RAPHAN:  No, your Honor.  Thank you.

17           THE COURT:  Thank you, all.

18           (Adjourned)

19

20

21

22

23

24

25