

**MELISSA RAPHAN**
**Partner**
**(612) 343-7907**
**raphan.melissa@dorsey.com**

May 23, 2018

<u>**VIA ECF**</u>

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

      Re:    Pre-Motion Submission regarding Canon U.S.A., Inc.'s Motion to Dismiss the
                 Ninth, Tenth, Eleventh, and Fourteenth Claim of the Complaint Pursuant to Fed.
                 R. Civ. P. 12(b)(6) in *Cicogna v. Canon U.S.A., Inc.*, No. 1:18-cv-GHW/GWG

Dear Judge Woods:

      Dorsey & Whitney LLP represents Defendant Canon U.S.A., Inc. ("Canon") in the above-captioned matter. Please accept this letter as Canon's pre-motion submission pursuant to Rule 2(C) of the Court's Individual Rules of Practice in Civil Cases. For the reasons set out below, Canon seeks leave to file a Motion to Dismiss the Ninth, Tenth, Eleventh, and Fourteenth Claims of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Each of the identified claims fail as a matter of law because Plaintiff Frances Cicogna seeks to hold Canon liable under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.* ("NYCHRL")—despite the undeniable fact that no allegedly wrongful conduct occurred in, nor had an impact within, the five boroughs of New York City, as Plaintiff must plausibly allege for her NYCHRL to proceed.[1]

### Procedural Background

      Plaintiff filed an employment-discrimination lawsuit against Canon on March 20, 2018, in which she sought to proceed pseudonymously as "Jane Doe." Dkt. No. 1. This Court rejected Plaintiff's requested pseudonym, noting her counsel's attempts to publicize Plaintiff's allegations against Canon while seeking to keep her identity cloaked. *See* Transcript of April 6, 2018,

---

[1]     In a letter dated May 21, 2018, counsel for Canon asked Plaintiff's counsel to voluntarily dismiss her NYCHRL claims for the reasons set out in this letter. Plaintiff's counsel responded via email dated May 23, 2018, informing Canon that Plaintiff planned to amend her Complaint to be "clearer" regarding the NYCHRL claims. Canon files this pre-motion submission to inform the Court of its position regarding the NYCHRL claims as now pleaded and to stay its obligation to answer or otherwise move against the Complaint pending a pre-motion conference with the Court regarding this motion and Plaintiff's planned amended complaint. *See* Indiv. R. Prac. Civ. Cases 2(C) (Woods, J.).



The Honorable Gregory H. Woods
May 23, 2018
Page 2

Conference (Dkt. No. 25), at 21:19-23. The Court directed Plaintiff to refile her complaint under her own name, and without redactions, by April 10, 2018, and Plaintiff did so. *Id.* at 24:11-18; Complaint dated April 10, 2018 (Dkt. No. 22) (the "Complaint").

 Plaintiff brings fourteen claims in the refiled Complaint, alleging violations of Title VII of the Civil Rights Act of 1964 (First, Second, Third, Fourth and Twelfth Claims), the New York State Human Rights Law (Fifth, Sixth, Seventh, Eighth and Thirteenth Claims), and the NYCHRL (Ninth, Tenth, Eleventh and Fourteenth Claims). The NYCHRL claims allege discrimination on the basis of gender (Ninth Claim); *quid pro quo* harassment (Tenth Claim); hostile work environment (Eleventh Claim); and constructive discharge (Fourteenth Claim).

### Summary of Allegations

 Plaintiff lives in Westchester County, New York—not New York City. Compl. ¶ 12. Canon's headquarters are in Melville, New York (Suffolk County). Compl. ¶ 19. Plaintiff does not allege that any allegedly discriminatory, harassing or hostile conduct occurred in New York City, nor that she was present in New York City when any such conduct occurred. *See generally Complaint.* Likewise, Plaintiff does not allege that what she calls "constructive discharge" occurred in New York City. *See generally Complaint.* To the contrary, in her Complaint, Plaintiff details several allegations that supposedly occurred in Salem, Massachusetts (Compl. ¶¶ 74-82); Las Vegas, Nevada (Compl. ¶¶ 83-89); West Palm Beach and Orlando, Florida (Compl. ¶¶ 93-96, 102-05); and Mexico (Compl. ¶ 102). In fact, the only allegations in the Complaint that even mention New York City are that:

- Plaintiff "occasionally worked" from the offices of Canon's subsidiary, Canon Solutions America, Inc., at 125 Park Avenue, New York (Compl. ¶¶ 20, 21);

- she "attended work-related classes, events, and meetings in New York City" (Compl. ¶ 21);

- her travel included "regular meetings with clients and potential clients in New York City" (Compl. ¶ 32, 337); and

- she "had occasional client meetings in New York City, and worked out of the [Canon Solutions America office] from time to time" (Compl. ¶¶ 317, 327).

### The Ninth, Tenth, Eleventh, and Fourteenth Claims Should be Dismissed

 Plaintiff's allegations do not and cannot state a claim upon which relief may be granted under the NYCHRL, which exists only to protect persons who live in New York City and to prohibit discrimination within the borders of New York City. *Hoffman v. Parade Publs.,* 15 N.Y.3d 285, 289 (2010). Plaintiff's NYCHRL claims thus fail as a matter of law, given that (1) Plaintiff is not a resident of New York City; (2) there is no allegation (nor any good-faith basis to allege) that any purportedly wrongful conduct occurred within New York City; and (3) there is no plausible allegation that any purportedly wrongful conduct had an impact within New York City.



The Honorable Gregory H. Woods
May 23, 2018
Page 3

To state a claim under the NYCHRL, Plaintiff must plausibly allege that Canon "engaged in discriminatory conduct 'within the boundaries of New York City.'" *Kearse v. ATC Healthcare Servs.*, No. 12 Civ. 233 (NRB), 2013 U.S. Dist. LEXIS 53453, at *5-6 (S.D.N.Y. Apr. 5, 2013) (granting Fed. R. Civ. P. 12(b)(6) motion and dismissing NYCHRL claim). *See also Fried v. LVI Servs., Inc.*, 500 Fed. App'x. 39, 42 (2d Cir. 2012). "The fact that certain acts leading to discrimination may occur in New York City will not necessarily give rise to a claim under the NYCHRL. Rather, to determine the location of the discrimination under the NYCHRL, **courts look to the location of the impact of the offensive conduct.**" *Curto v. Med. World Communs., Inc.*, 388 F. Supp. 2d 101, 109 (E.D.N.Y. 2005).

The impact requirement is essential and mandatory for a NYCHRL claim. *Hoffman*, 15 N.Y.3d at 289. Courts go so far as to strike down jury verdicts and enter judgment as a matter of law for a defendant when there is no credible basis to conclude that the impact of alleged discrimination was felt in the city. *Welch v. UPS*, 871 F. Supp. 2d 164, 180 (E.D.N.Y. 2012). This is because "the impact requirement is relatively simple for courts to apply and litigants to follow, leads to predictable results, and confines the protections of the NYCHRL to those who are meant to be protected — those who work in the city." *Id.*; *Hoffman*, 15 N.Y.3d at 291).

With regard to her NYCHRL claims, Plaintiff does not and cannot plausibly allege that Canon discriminated against her in New York City nor that the impact of any alleged discrimination was felt in New York City. Thus the Ninth Claim of the Complaint should be dismissed with prejudice. Plaintiff also does not and cannot plausibly allege that any purported *quid pro quo* harassment occurred in New York City nor had an impact in New York City, and so the Tenth Claim should be dismissed with prejudice. Similarly, Plaintiff does not and cannot plausibly allege the work environment of any "regular client meetings" held in New York City constituted a hostile work environment, and so the Eleventh Claim deserves to be dismissed with prejudice. Finally, Plaintiff does not and cannot plausibly allege that her employment separation—which occurred when she was at home in Westchester County—constituted a constructive discharge within New York City. Thus the Fourteenth Claim, like the others, should be dismissed with prejudice.

For these reasons, Canon seeks leave to file a motion to dismiss the Ninth, Tenth, Eleventh, and Fourteenth Claims of the Complaint pursuant to Rule 12(b)(6).[2] We look forward to discussing this matter with the Court at a pre-motion conference.

Respectfully submitted,

*/s/ Melissa Raphan*

Melissa Raphan

---

[2]     Canon notes that its deadline to answer the Complaint will be postponed until after its partial motion to dismiss is decided, if such a motion is eventually filed. *Barbagallo v. Marcum LLP*, 820 F. Supp. 2d 429, 443 (E.D.N.Y. 2011) ("[I]n the interest of judicial economy and avoiding piecemeal answers, a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion.") (internal quotation marks omitted).



The Honorable Gregory H. Woods
May 23, 2018
Page 4

cc: All counsel of Record (via ECF)