**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------- X

FRANCES CICOGNA,                                     1:18-CV-2511-GHW

      Plaintiff,

                                  **ORAL ARGUMENT REQUESTED**

-v-

CANON U.S.A., INC.,

      Defendant.

-------------------------------------------------------------------------------- X

**DEFENDANT CANON U.S.A., INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S**
**NEW YORK CITY HUMAN RIGHTS LAW CLAIMS**

**DORSEY & WHITNEY LLP**

Amanda M. Prentice (AP-0505)
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200

Melissa Raphan (admitted *pro hac vice*)
John T. Sullivan (admitted *pro hac vice*)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

*Attorneys for Defendant*
*Canon U.S.A., Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................1

SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY .......................................2

I.      Plaintiff's Allegations Regarding Her Discrimination, *Quid Pro Quo* Harassment,
        Hostile Work Environment, And Constructive Discharge Claims Pursuant to
        NYCHRL. ...........................................................................................................3

II.     Plaintiff's Allegations Regarding Her Brand New NYCHRL Retaliation Claim
        Arising From The Interview At The Berke-Weiss Offices...................................5

III.    Procedural History. ..............................................................................................7

ARGUMENT .................................................................................................................8

I.      Legal Standard. ...................................................................................................9

II.     Plaintiff Alleges No Plausible Basis for Relief Under the NYCHRL, And So All
        Of Her NYCHRL Claims Should Be Dismissed With Prejudice. ...................10

        A.      Plaintiff Does Not Plausibly Allege Sufficient Facts To Support Her
                Discrimination, *Quid Pro Quo* Harassment, Hostile Work Environment,
                and Constructive Discharge Claims Under The NYCHRL. .................11

        B.      Plaintiff's NYCHRL Retaliation Claim Fails Because It Is Procedurally
                Improper And Substantively Insufficient..............................................14

                1.      Plaintiff's Attempt To Assert A NYCHRL Retaliation Claim
                        Violates This Court's Order Granting Leave To Amend..........15

                2.      Plaintiff's NYCHRL Retaliation Claim Should Be Dismissed
                        Because Happenstance Is No Basis For NYCHRL Jurisdiction...............16

                3.      Plaintiff's NYCHRL Retaliation Claim Fails On Its Merits And
                        Should Be Dismissed. ...............................................................16

CONCLUSION .............................................................................................................19

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Achtman v. Kirby, McInerney & Squire, LLP,*
    464 F.3d 328 (2d Cir. 2006)................................................................................10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................9, 10

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................................................9, 10

*Bell v. McRoberts Protective Agency, Inc.,*
    No. 15-CV-0963 (JPO), 2016 U.S. Dist. LEXIS 171466
    (S.D.N.Y. Dec. 12, 2016)..........................................................................13, 17

*Burch v. Pioneer Credit Recovery, Inc.,*
    551 F.3d 122 (2d Cir. 2008) (per curiam)..........................................................9

*Casper v. Lew Lieberbaum & Co.,*
    97 Civ. 3016 (JGK), 1998 U.S. Dist. LEXIS 4063 (S.D.N.Y. Mar. 31, 1998) ....................16

*Cox v. Onondaga Cty. Sheriff's Dep't,*
    760 F.3d 139 (2d Cir. 2014)................................................................................19

*Curto v. Med. World Commc'ns, Inc.,*
    388 F. Supp. 2d 101 (E.D.N.Y. 2005) ..................................................................10

*DeJesus v. HF Mgmt. Servs., LLC,*
    726 F.3d 85 (2d Cir. 2013)................................................................................10

*EEOC v. Bloomberg L.P.,*
    967 F. Supp. 2d 816 (S.D.N.Y. 2013)..................................................................13

*Fried v. LVI Servs., Inc.,*
    500 Fed. App'x 39 (2d Cir. 2012)..........................................................11, 12, 13

*Germano v. Cornell Univ.,*
    No. 03 Civ. 9766 (DAB), 2005 U.S. Dist. LEXIS 17759
    (S.D.N.Y. Aug. 17, 2005) ..................................................................................16

*Greene v. Trustees of Columbia Univ.,*
    234 F. Supp. 2d 368 (S.D.N.Y. 2002)..................................................................17

*Hoffman v. Parade Publ'ns,*
    15 N.Y.3d 285 (2010) .......................................................................... *passim*

*Kearse v. ATC Healthcare Servs.*,
   No. 12 Civ. 233 (NRB), 2013 U.S. Dist. LEXIS 53453
   (S.D.N.Y. Apr. 5, 2013).......................................................................................................11

*Morgan v. NYS Att'y Gen.'s Office*,
   No. 11 Civ. 9389, 2013 U.S. Dist. LEXIS 17458 (S.D.N.Y. Feb. 8, 2013) ......................13, 17

*Pearce v. Manhattan Ensemble Theater, Inc.*,
   528 F. Supp. 2d 175 (S.D.N.Y. 2007)..............................................................................12, 13

*Robles v. Cox & Co.*,
   841 F. Supp. 2d 615 (E.D.N.Y. 2012) ...............................................................................10, 11

*Soloviev v. Goldstein*,
   104 F. Supp. 3d 232 (E.D.N.Y. 2015) ...............................................................................13, 17

*United States v. N.Y.C. Transit Auth.*,
   97 F.3d 672 (2d Cir. 1996)........................................................................................................19

*Vangas v. Montefiore Med. Ctr.*,
   823 F.3d 174 (2d Cir. 2016)........................................................................................................8

*Wahlstrom v. Metro-North Commuter R.R.*,
   89 F. Supp. 2d 506 (S.D.N.Y. 2000).........................................................................................10

*Wolf v. Time Warner, Inc.*,
   548 Fed. Appx. 693 (2d Cir. 2013)............................................................................................17

**Statutes**

Title VII of the Civil Rights Act of 1964..............................................................................2, 3, 19

New York City Human Rights Law..................................................................................... *passim*

New York State Human Rights Law .........................................................................................2, 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...................................................................................................... *passim*

## INTRODUCTION

Plaintiff Frances Cicogna's 55-page First Amended Complaint (Dkt. No. 34) ("FAC") is strikingly silent on any harassment and discrimination that allegedly occurred in New York City, where Plaintiff neither lives nor worked. While the FAC details events that she alleges constituted harassment and discrimination that occurred in other states and Mexico, when it comes to New York City, Plaintiff has little to say. To paper over the absence of any alleged wrongdoing in the city, Plaintiff has now added a brand new claim of retaliation under the New York City Human Rights Law ("NYCHRL") based solely on the interview conducted by Canon U.S.A., Inc. ("Canon") into her complaint of harassment—a new claim that violates this Court's order granting leave to amend her initial Complaint (Dkt. No. 22). In bringing the new claim, Plaintiff disregards the fact that Canon is required to conduct an investigation once a complaint of sexual harassment has been raised and instead labels the interview as "retaliatory"—ignoring the fact that it was an interview: (1) for which her lawyers insisted on being present; (2) that was conducted in their offices; and (3) for which the location thus simply happened to be in Manhattan.

Every claim that Plaintiff asserts against Canon under the NYCHRL fails as a matter of law, as there is simply no allegation, let alone any plausible allegation, that the former supervisor she accuses of sexual harassment (who also neither lives nor worked in New York City) committed any wrongful act in New York City, nor even that Plaintiff worked in New York City for purposes of the law. These fatal flaws doom the FAC—and further amendment would be futile, given that the shortcomings of the FAC are identical to the shortcomings of Plaintiff's initial Complaint. Rather than strengthen her infirm NYCHRL claims through the FAC, Plaintiff merely presents more of the same tenuous and tangential connections with New York City as she asserted in her original Complaint and—in a bald attempt to sidestep an apparent ethical lapse—actually asserts

1

less information in her FAC than she did in her initial Complaint about the supposedly "retaliatory" interview at which Plaintiff's counsel demanded that they be present to represent their client.

Even when taken as true and with all reasonable inferences drawn in her favor, the allegations in Plaintiff's FAC do not even hint, let alone plausibly allege, that any alleged NYCHRL violations occurred in New York City, nor that Canon could otherwise be found liable for violating the NYCHRL. Thus the Ninth, Tenth, Eleventh, Fourteenth, and Fifteenth Claims of the FAC—in which Plaintiff seeks to impose liability on Canon for alleged discrimination, *quid pro quo* harassment, hostile work environment, constructive discharge, and (for the first time) retaliation in violation of the NYCHRL—fail to state claims upon which relief may be granted. Canon respectfully requests that this Court grant its motion to dismiss all NYCHRL claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY

The wide majority of Plaintiff's claims arise from what she says were unwelcome physical and verbal interactions with her former supervisor that occurred while the two were on business trips in the United States and in Mexico. *See generally* FAC ¶¶ 219-389. In her original Complaint, Plaintiff also asserted that some questions asked during a February 2, 2017 interview conducted at her lawyers' Manhattan office (the "Berke-Weiss Interview") by Canon's Human Resources department contributed in part to what Plaintiff alleged were violations of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law ("NYSHRL"). Compl. ¶¶ 266-67 (Title VII), 306-07 (NYSHRL).

Notably, Plaintiff never claimed in her initial Complaint that Canon violated the anti-retaliation provisions of the NYCHRL in any way—let alone during or because of the Berke-Weiss Interview. *See generally Complaint*. She likewise did not cite the Berke-Weiss Interview as a basis for what she alleged was a constructive discharge in violation of Title VII, the NYSHRL, and the

NYCHRL. *See* Compl. ¶¶ 343-72. In the FAC, however, Plaintiff brings a brand-new claim of NYCHRL retaliation based solely on the Berke-Weiss Interview, which she also now alleges contributed to her so-called constructive discharge. *See, e.g.*, FAC ¶¶264-69, 303-06, 351-56, 362-67, 373-81, 386-87. Rather than seeking permission from the Court in advance of bringing a new NYCHRL retaliation claim, Plaintiff merely delivered an after-the-fact notification that she had now asserted the claim, without seeking leave to do so or otherwise providing the Court with the advance notice that it had requested. *See* Transcript of May 24, 2018, Telephone Conference (Dkt. No. 25) ("May 24 Tr.") at 10:15-11:4;[1] June 7, 2018, Correspondence (Dkt. No. 35) (informing the Court that the FAC had been filed).

At issue in this motion to dismiss is whether the FAC contains sufficient factual matter that, when accepted as true for the purposes of this motion only, states a plausible claim for relief under the NYCHRL, and whether Plaintiff's attempt to retrofit an NYCHRL retaliation claim onto her theory of the case and to revise her constructive discharge claims should be allowed—even though she did not seek the Court's authorization to take either step.

I.    **Plaintiff's Allegations Regarding Her Discrimination, *Quid Pro Quo* Harassment, Hostile Work Environment, And Constructive Discharge Claims Pursuant to NYCHRL.**

In both her initial Complaint and the FAC, Plaintiff recounted highly detailed allegations about her interactions with her former supervisor during business trips to Salem, Massachusetts (FAC ¶¶ 78-86); Las Vegas, Nevada (*id.* ¶¶ 87-91); West Palm Beach and Orlando, Florida (*id.* ¶¶ 100, 112); Cabo, Mexico (*id.* ¶ 108); or in other, unspecified locations (*id.* ¶¶ 95-96, 101-03,

---

[1]   The new claim thus violates the Court's order that Plaintiff's counsel needed to inform the Court <u>in advance</u> of any amendment that exceeded the scope of the order granted during a May 24, 2018, telephone conference with the Court. *See* May 24. Tr. at 10:15-11:4.

106, 109-11). She also specifies the dates of six business trips from May 19, 2015, through October 1, 2015, on which she alleges that she "rebuffed" advances that he made. *Id.* ¶ 95.

In notable contrast to the specific details alleged about the trips outside of New York City, Plaintiff makes noticeably vague claims about events that allegedly occurred in New York City and that supposedly relate to her NYCHRL claims of alleged discrimination (Ninth Claim), *quid pro quo* harassment (Tenth Claim), hostile work environment (Eleventh Claim), and constructive discharge (Fourteenth Claim). These allegations include that she and her former supervisor "worked together" at an event on September 9 and 10, 2015, during which they stayed at the same Manhattan hotel. *Id.* ¶¶97-98. Plaintiff does not allege that anything inappropriate or actionable occurred at the hotel or at the event; rather, she carefully selected her words in the FAC to imply that because she was "fearful" of her supervisor while on business trips, it should be inferred that she felt fearful while she and he stayed at the Manhattan hotel—even though she does not allege that she actually felt that way nor that he said or did anything at all inappropriate, let alone unlawful, while they were there. *Id.* ¶¶98-99.

Plaintiff makes other noticeably vague allegations about other alleged business dealings with her former supervisor in New York City. She identifies two dates on which she says she drove him from a New York City airport to his eventual destination: January 27, 2016, when she gave him a ride to a hotel near her home in White Plains, New York (Westchester County), and October 3, 2016, when she drove him to Canon's headquarters in Melville, New York (Suffolk County). *Id.* ¶¶ 107, 127, 315, 327, 339. She does not allege any wrongful conduct of any kind during either car ride, whether inside the city limits of New York City or elsewhere. Without any explanation, Plaintiff also asserts that she and her former supervisor participated in "client meetings" and flew into New York City airports together. *Id.* ¶¶ 315, 327, 339). It is striking that she does not (because

she apparently cannot) allege any specific, actionable conduct on the part of her former supervisor during any drive, flight, or client meeting, however. *See generally FAC*.

With regard to New York City generally, Plaintiff asserts in the FAC that she should be deemed to have "worked" in New York City because she traveled through LaGuardia or John F. Kennedy airport for business travel, including because she was expected to do work while traveling and that she "often" went to an airport early "to spend time working in the business lounge." *Id.* ¶ 34-36. Plaintiff also alleges (as she did in her initial Complaint) that:

- she "occasionally worked" from the offices of Canon's subsidiary, Canon Solutions America, Inc., at 125 Park Avenue, New York (Compl. ¶¶ 20, 21; FAC ¶¶ 20, 21, 313, 326, 338);

- she "attended work-related classes, events, and meetings in New York City" (Compl. ¶ 21; FAC ¶ 21, 313, 326, 338); and

- her travel included "regular meetings with clients and potential clients in New York City" (Compl. ¶¶ 32, 337; FAC ¶¶ 32).

## II. Plaintiff's Allegations Regarding Her Brand New NYCHRL Retaliation Claim Arising From The Interview At The Berke-Weiss Offices.

Plaintiff premises her improper NYCHRL retaliation claim (Fifteenth Claim) entirely on the Berke-Weiss Interview, during which she spoke with two investigators from Canon's Human Resources department at her counsel's Manhattan headquarters,[2] with two of her lawyers present and representing her. FAC ¶ 168; May 24 Tr. at 5:14-19. Plaintiff's counsel had been involved with Plaintiff's complaint from the very start in November 2016, as even the initial letter notifying Canon of Plaintiff's claims came from her counsel and not Plaintiff. FAC ¶ 155.

Canon acquiesced to conducting the Berke-Weiss Interview in Manhattan after first inviting Plaintiff to attend an interview at its Melville headquarters. See FAC ¶¶ 169 (referring to

---

[2]   *See* Berke-Weiss Law PLLC, Employment Attorneys ("Headquartered in New York City . . . ."), http://www.berkeweisslaw.com (last accessed June 18, 2018).

Canon's attempts to set up an interview in December 2016), 170 (quoting email from Canon that said its investigators were "amenable" to meeting at the Berke-Weiss offices). Plaintiff's counsel has represented to the Court that the interview could have been conducted anywhere—but was only held in New York City after discussions between the parties. *See* May 24 Tr. at 8:6-16 ("We never refused to go to Melville. [Plaintiff] lives in Westchester County. We would have met there.").[3]

In the initial Complaint, Plaintiff and her counsel set out detailed allegations about the Berke-Weiss Interview, including direct quotes of questions posed by the interviewers and descriptions of exchanges between them and Plaintiff. *See* Compl. ¶¶ 158-72. These details vanished from the FAC and were replaced with only three sentences: "The questioning on February 2, 2017 was hostile and demeaning to Plaintiff. During and subsequent to the interview Plaintiff suffered extreme emotional distress, which her therapist later noted. The retaliatory interview had an immediate impact on Plaintiff's health." FAC ¶¶ 172-74; *compare with* Compl. ¶¶ 158-72.[4]

Plaintiff later summarily labels the Berke-Weiss Interview as "harassing" and, without explanation, asserts that it would "dissuade a reasonable worker from making or supporting a charge of discrimination." FAC ¶ 387. In support of the FAC, Plaintiff submitted as an exhibit an investigation summary that states her lawyer, Laurie Berke-Weiss, "interrupted the interview and

---

3   Solely for purposes of this motion, Canon accepts this statement (otherwise contradicted by fact) as true.

4   Plaintiff's counsel indicated during the May 24, 2018 conference that the First Amended Complaint would include *more* detail about the February 2, 2017 interview conducted at Plaintiff's counsel's Manhattan office—not *less*. May 24 Tr. 5:3-9 ("[MS. BERKE-WEISS: . . . Canon interviewed her here. And we believe that that interview was retaliatory, and we have gotten additional information through our due diligence which indicates that the impact of that was absolutely felt by our client in connection with her emotional distress, which continues."*).*

claimed that the questions asked to [Plaintiff] were retaliatory" and demanded that the interviewers "shouldn't discuss feelings but facts and that [the interviewers] should talk about what he did, not what she did." FAC Ex. B at 8.

Plaintiff also alleges in the FAC that "[d]uring her interview by Human Resources and after, Plaintiff felt as though Canon went on a campaign to blame her, the victim of unwanted and sexual touching, threats, and comments, and that her complaints were effectively marginalized and disregarded by Canon" and that she "felt that Human Resources was working to protect [her former supervisor] and discredit her complaint and the emotional harm she suffered"—even though Plaintiff is well aware, and has pleaded, that Canon fired her former supervisor less than two weeks after Plaintiff finally turned over copies of text messages that she received from him. FAC ¶¶ 201-202, 221.

Despite the dramatically curtailed and now-conclusory allegations about the Berke-Weiss Interview, the FAC adds an NYCHRL retaliation claim that was not asserted in the initial Complaint and that is premised only on the interview. FAC ¶¶ 383-89; *see generally Complaint*.

## III.   Procedural History.

Plaintiff filed suit against Canon on March 20, 2018, and at first sought to proceed pseudonymously as "Jane Doe." Dkt. No. 1, 4. This Court rejected Plaintiff's requested pseudonym; among other reasons, this Court noted her attempts, through her lawyers, to publicize her allegations (which named others) while keeping her own identity cloaked. *See* Transcript of April 6, 2018, Conference (Dkt. No. 25), at 21:19-23. The Court directed Plaintiff to refile her complaint under her own name, and without redactions, which Plaintiff did on April 10, 2018. *Id.* at 24:11-18; Dkt. No. 22.

Canon filed a pre-motion submission on May 23, 2018, seeking leave to file a motion to dismiss the NYCHRL claims pursuant to Fed. R. Civ. P. 12(b)(6), on the basis that the initial

Complaint included insufficient allegations arising within New York City for the NYCHRL claims to proceed as a matter of law. Dkt. No. 28. The Court held a pre-motion conference on Canon's request the next day, May 24, 2018. Dkt. No. 29, 30. During the pre-motion conference, Plaintiff's counsel asked to file an amended complaint, representing that she now possessed "additional information which has come to us since [the initial Complaint] was filed which would allow us to clarify the claim." May 24 Tr. at 4:22-25. Counsel attributed the "additional information" to "due diligence" and represented that the information was discovered after March 20, 2018, the date on which Plaintiff filed the initial Complaint.[5]

Without identifying the source of the new information nor indicating why the information had not been discovered during the nearly two years in which counsel represented Plaintiff, counsel represented that the allegations would include that "[t]here were instances where [Plaintiff] did work in New York City. She wasn't just passing through. And in those instances she worked with her harasser." May 24 Tr. 4:23-5: 2. The FAC was filed on June 7, 2018.

## ARGUMENT

The NYCHRL protects "people 'who work in the city.'" *See Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 182 (2d Cir. 2016) (citing *Hoffman v. Parade Publ'ns*, 15 N.Y.3d 285, 290 (2010)). Because Plaintiff certainly did not work in the city, her FAC fails to state claims under the NYCHRL upon which relief may be granted against Canon—and her attempts to argue otherwise fall woefully short.

First, Plaintiff strains to allege some sufficient amount of "employment" within New York City, such that her discrimination, quid pro quo harassment, hostile work environment, and constructive discharge claims may proceed. Plaintiff's FAC thus completely misses the mark, as

---

[5]   Plaintiff's counsel has represented Plaintiff since at least 2016. FAC ¶ 155.

Plaintiff's new allegations are simply more of the same sort of insufficient and happenstance activities that do not justify an inference that she "worked" in New York City for purposes of the NYCHRL. The controlling inquiry is whether the impact of an allegedly wrongful act was felt in New York City because that, in turn, determines where the wrongful act occurred—and there are no allegations to support this. Second, Plaintiff's paper-thin allegations regarding the supposedly "retaliatory" Berke-Weiss Interview conducted in her lawyers' office as an accommodation to Plaintiff are nothing more than conclusory labels that cannot survive this motion to dismiss.

## I.    **Legal Standard.**

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Mere conclusory statements and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Twombly*, 550 U.S. at 555.

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. While the Court accepts facts alleged in the complaint as true and draws all reasonable inferences in Plaintiff's favor, *see Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam), Plaintiff cannot avoid that:

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. A complaint must therefore contain more than naked assertions devoid of further factual enhancement. Pleadings that contain no more than conclusions are not entitled to the assumption of truth otherwise applicable to complaints in the context of motions to dismiss.

*DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87-88 (2d Cir. 2013) (citing *Iqbal*, 556 U.S. at 678-79) (internal quotation marks, alterations omitted). A complaint that offers only "labels and conclusions" does not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557); *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006).

## II.  Plaintiff Alleges No Plausible Basis for Relief Under the NYCHRL, And So All Of Her NYCHRL Claims Should Be Dismissed With Prejudice.

Under the controlling interpretation of the NYCHRL by the New York State Court of Appeals, the employment protections of the NYCHRL apply only to those who live or work in New York City, including nonresidents for whom alleged discriminatory conduct had an impact in New York City. *Hoffman*, 15 N.Y.3d at 292. Because Plaintiff lives in Westchester County, FAC ¶¶ 12, and because her Canon workplace is in the Suffolk County hamlet of Melville, New York, FAC ¶¶19, the only way that Plaintiff may plausibly state a claim under the NYCHRL is if she sufficiently alleges that Canon acted wrongfully "within the boundaries of New York City." *Robles v. Cox & Co.*, 841 F. Supp. 2d 615, 623 (E.D.N.Y. 2012).

Put another way, no amount of "work" within New York City will provide the basis of a NYCHRL claim if the wrongful act did not occur within the city. *See Wahlstrom v. Metro-North Commuter R.R.*, 89 F. Supp. 2d 506, 527-28 (S.D.N.Y. 2000) (dismissing NYCHRL claim arising from alleged harassment of railroad conductor that occurred outside of New York City on commuter train bound for New York City and operated by New York City-based employer). Instead, to determine where an alleged wrongful act occurred to a non-resident plaintiff, courts are required to look to the location of the impact of the offensive conduct. *Hoffman*, 15 N.Y.3d at 292; *Curto v. Med. World Commc'ns, Inc.*, 388 F. Supp. 2d 101, 109 (E.D.N.Y. 2005).

**A.     Plaintiff Does Not Plausibly Allege Sufficient Facts To Support Her Discrimination, *Quid Pro Quo* Harassment, Hostile Work Environment, and Constructive Discharge Claims Under The NYCHRL.**

Plaintiff's discrimination, *quid pro quo* harassment, hostile work environment, and constructive discharge claims may only proceed if she pleads sufficient facts for the Court to draw the reasonable inference that Canon committed those alleged acts "within the boundaries of New York City.'" *Kearse v. ATC Healthcare Servs.*, No. 12 Civ. 233 (NRB), 2013 U.S. Dist. LEXIS 53453, at *5-6 (S.D.N.Y. Apr. 5, 2013) (granting Fed. R. Civ. P. 12(b)(6) motion and dismissing NYCHRL claim) (citing *Robles*, 841 F. Supp. at 623. *See also Fried v. LVI Servs., Inc.*, 500 Fed. App'x 39, 42 (2d Cir. 2012). Plaintiff can only satisfy the "within the boundaries of New York City" requirement of the NYCHRL if she plausibly pleads that each of the alleged wrongful acts had its impact on her within New York City. *Hoffman v Parade Publs.*, 15 N.Y.3d 285, 290 (2010).

Here, Plaintiff merely labels Canon an "employer" and herself an "employee" within the meaning of the NYCHRL. FAC ¶¶ 311-12, 323-24, 335-36, 371-72; 384-85. The only support that she pleads for these conclusions are her allegations that she "occasionally worked" from the New York City offices of a Canon subsidiary; that she met with clients and potential clients and attended "work-related classes, events, and meetings" in New York City; that she traveled through two airports when she was on the way to work in other states, and sometimes made phone calls and sent emails from the airport; and that she worked at a two-day Canon event in New York City in September 2015. FAC ¶¶ 20-21, 34-36; 313, 326, 337, 338. She alleges that her former supervisor was present some of the times in which she was in New York City but does not allege that anything inappropriate or actionable occurred at any time within the city. *See generally FAC*.

The fatal shortcomings of Plaintiff's allegations are apparent when contrasted with *Hoffman* and other decisions. In *Hoffman*, a resident of the state of Georgia who worked in that state for a New York City-based publishing company was terminated during a phone call placed

from New York City. 15 N.Y.3d at 288. The employee in *Hoffman* argued that he could bring a claim under the NYCHRL because he attended quarterly meetings in New York City, he was managed from New York City, and the termination decision was both made in New York City and delivered to him via a phone call from New York City. *Id.* These allegations establish an arguably greater nexus with New York City than those of Plaintiff—and the Court of Appeals rejected the employee's argument, reversed the Appellate Division, and reinstated the judgment of the Supreme Court dismissing the complaint for a lack of subject-matter jurisdiction. *Id.* at 292. When doing so, the Court of Appeals announced that "the application of the impact requirement does not exclude all nonresidents from its protection; rather, it expands those protections to nonresidents who work in the city, while concomitantly narrowing the class of nonresident plaintiffs who may invoke its protection." *Id.* at 290.

And in *Pearce v. Manhattan Ensemble Theater, Inc.*, 528 F. Supp. 2d 175 (S.D.N.Y. 2007), the court granted a motion to dismiss under Fed. R. Civ. P. 12(b)(6), finding that: "Even though it can reasonably be inferred from the Complaint that Defendants' allegedly discriminatory decision to terminate Plaintiff was made in New York City, Plaintiff has failed to make the requisite allegation that the decision had an impact in New York City . . . ." *Pearce*, 528 F. Supp. 2d at 185-86.

Likewise, the Second Circuit affirmed summary judgment dismissing a Connecticut resident's complaint against his New York City-based employer in *Fried*, 500 Fed. App'x at 42. The Second Circuit rejected the employee's argument that the impact requirement was satisfied by the fact that "he frequently communicated" with the New York City headquarters, "attended meetings in New York City regarding local projects," and because the decision to reassign his work duties was made in New York City. *Id.* Allowing the Connecticut resident's claims to

proceed would violate the principle that the NYCHRL protects "those who are meant to be protected—those who work in the city." *Id.* (citing *Hoffman*, 15 N.Y.3d at 291).

In *EEOC v. Bloomberg L.P.*, 967 F. Supp. 2d 816, 865-66 (S.D.N.Y. 2013), the court concluded that a New Jersey resident was not entitled to pursue NYCHRL claims when she merely "pointed to a few occasions" in which she performed some work in New York City—particularly given that the plaintiff offered only "conclusory statements that she services clients in New York." Plaintiff's claims fail for the same reason as did the New Jersey plaintiff in *Bloomberg*: she points to only a few occasions in which she allegedly performed some sort of work in New York City and offers only conclusory statements about her interactions with clients and her former supervisor.

Finally, the fact that New York courts interpret the NYCHRL more leniently than federal or state law does not forgive a plaintiff's failure to meet the plausibility requirements of *Iqbal-Twombly*. *See Bell v. McRoberts Protective Agency, Inc.*, No. 15-CV-0963 (JPO), 2016 U.S. Dist. LEXIS 171466, at *12-13 (S.D.N.Y. Dec. 12, 2016) (dismissing NYCHRL retaliation claim pursuant to Fed. R. Civ. P. 12(b)(6)) (citing *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 250, 252-53 (E.D.N.Y. 2015) (dismissing NYCHRL discrimination and retaliation claims) and *Morgan v. NYS Att'y Gen.'s Office*, No. 11 Civ. 9389, 2013 U.S. Dist. LEXIS 17458, at *14 (S.D.N.Y. Feb. 8, 2013) (dismissing an NYCHRL retaliation claim)).

Plaintiff's NYCHRL claims fail for the same reason that the claims in *Hoffman*, *Pearce*, *Fried*, *Bloomberg* and *Bell* failed: because they are nothing more than conclusory, tangential statements that give no indication—let alone plausibly allege—that any impact of Canon's decisions was felt in New York City. Plaintiff alleges only that she and her former supervisor stayed at the same hotel during a two-day event—where nothing complained of happened. She

also alleges that she and her former supervisor twice rode together from an airport in a car—where again nothing complained of happened. Her other allegations—about client meetings and work at the airport and from the Canon subsidiary's office—are equally unavailing, as she does not allege any wrongful action occurred at any time at any client meeting nor airport.

Plaintiff's sparse allegations regarding the NYCHRL are notable for what they do not say: she does not and cannot plausibly allege that her former supervisor took any discriminatory action against her in New York City, nor that the impact of any purported discriminatory act of his was felt in New York City. She also does not and cannot plausibly allege that any purported *quid pro quo* harassment occurred in New York City nor had an impact in New York City. Similarly, Plaintiff does not and cannot plausibly allege that any client meeting, car ride, flight, or limited extent of work at the airport constituted a hostile work environment, nor that her employment separation constituted a constructive discharge within New York City. Thus the Ninth, Tenth, Eleventh, and Fourteenth Claims should be dismissed with prejudice.

> **B.      Plaintiff's NYCHRL Retaliation Claim Fails Because It Is Procedurally Improper And Substantively Insufficient.**

Plaintiff's NYCHRL retaliation claim should be dismissed because it violates this Court's May 24, 2018 order granting her leave to amend. It also fails substantively because (1) as her counsel informed the Court, it is based on an interview that could have happened anywhere, but only occurred in New York City because that is where her lawyer's offices happen to be located, and (2) even if Plaintiff's procedural failings are overlooked and counsel's role in attempting to create NYCHRL jurisdiction is set aside, the claims completely fail to state a claim under applicable law.

1.     **Plaintiff's Attempt To Assert A NYCHRL Retaliation Claim Violates
This Court's Order Granting Leave To Amend.**

Plaintiff never requested, and this Court never granted, leave to amend her Complaint to

add a claim for alleged retaliation in violation of the NYCHRL. *See generally* May 24 Tr. To the

contrary, Plaintiff sought leave in order to attempt to correct the significant and legally fatal

shortcomings of her initial Complaint as pointed out in Canon's pre-motion submission to the

Court. *See* May 23, 2018, Pre-Motion Submission (Dkt. No. 28). The new claim thus violates the

Court's order granting Plaintiff leave to amend her complaint to address the flaws identified by

Canon and the Court's directive that Plaintiff's counsel needed to inform the Court in advance of

any amendment that exceeded the scope of the issues raised by Canon:

> THE COURT: . . . I believe that to the extent that the plaintiff can
> cure these deficiencies in a way that might obviate the need for
> motion practice that it is appropriate at this stage to grant her leave
> to amend the complaint. I will do so understanding that the scope of
> those amendments will be consistent with or, I should say, no greater
> than the scope of the proposed modifications that have been
> articulated by counsel for plaintiff here. Counsel for plaintiff, if for
> any reason you anticipate adding elements to the complaint that you
> haven't raised during this conference, I would ask that you write me
> about that so that I understand what the increased or enhanced scope
> of the amendments will be. To the extent that you choose to assert
> fewer of the bases that you have described here, then you need not
> write me before filing the amended complaint.

May 24. Tr. at 10:15-11:4. As noted above, Plaintiff did not write the Court to inform it about any

anticipated increase or enhancement to the amendments—instead, her counsel went ahead and

increased the amendments on their own volition and merely informed the Court that they had done

so after the fact. *See* June 7, 2018, Correspondence. Canon respectfully requests that this Court not

condone Counsel's decision to ignore this Court's directive and dismiss the NYCHRL retaliation

claim with prejudice.

In any event, Plaintiff's NYCHRL retaliation claim should be dismissed for two further

reasons as explained below.

### 2. Plaintiff's NYCHRL Retaliation Claim Should Be Dismissed Because Happenstance Is No Basis For NYCHRL Jurisdiction.

The location of the Berke-Weiss Interview in New York City reflected the fact that Plaintiff's counsel demanded to be present at the interview and happen to have their firm's headquarters in New York City. First, Plaintiff's counsel represented to the Court that the interview could have been conducted anywhere—but was only held in New York City after discussions between the parties. *See* May 24 Tr. at 8:6-16 ("We never refused to go to Melville. [Plaintiff] lives in Westchester County. We would have met there."). Second, the FAC makes it clear that Canon acquiesced to the Manhattan location, noting that Canon's interviewers were "amenable" to meeting Plaintiff in the Berke-Weiss offices in Manhattan. FAC ¶ 170.

In other words, but for Canon agreeing to conduct the interview at the Berke-Weiss offices rather than at Plaintiff's Westchester County home or requiring it to be conducted at Canon's Melville headquarters, there would be no basis at all to assert an NYCHRL claim arising from the Berke-Weiss Interview. Happenstance should not and cannot be the basis for Canon to be exposed to liability under the NYCHRL. *See Germano v. Cornell Univ.*, No. 03 Civ. 9766 (DAB), 2005 U.S. Dist. LEXIS 17759, at *15 (S.D.N.Y. Aug. 17, 2005) (granting dismissal under Rule 12(b)(6) of a NYCHRL claim based solely on allegedly actionable statements and sexual advances made during a company outing in New York City); *Casper v. Lew Lieberbaum & Co.*, 97 Civ. 3016 (JGK), 1998 U.S. Dist. LEXIS 4063, at *15 (S.D.N.Y. Mar. 31, 1998) ("[T]he plaintiff must show more than the happenstance that a defendant has an office in New York City.").

### 3. Plaintiff's NYCHRL Retaliation Claim Fails On Its Merits And Should Be Dismissed.

Unlike her four other NYCHRL claims, which are not based on any allegations of wrongdoing in New York City, Plaintiff's NYCHRL retaliation claim is based on the Berke-Weiss Interview, which took place in Plaintiff's attorneys' Manhattan offices. This interview in and of

itself, according to Plaintiff, constituted "retaliation" in violation of the NYCHRL—an allegation that fails as a matter of law.

To state a claim for NYCHRL retaliation, Plaintiff must plead sufficient facts for the Court to draw the reasonable inference that (1) she opposed discrimination on the part of Canon and (2) "that as a result, [Canon] engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Wolf v. Time Warner, Inc.*, 548 Fed. Appx. 693, 696 (2d Cir. 2013) (summary order) (citation omitted) (rejecting NYCHRL retaliation claim on summary judgment because discrimination complaint that was the supposed cause of retaliatory termination occurred after performance complaints had been lodged against plaintiff, resulting in her being placed on probation). Thus, to adequately state a claim for NYCHRL retaliation based on the Berke-Weiss Interview, Plaintiff must plausibly allege that by fulfilling its legal obligation to conduct an interview into a sexual harassment complaint, Canon would be "reasonably likely" to deter a person from filing similar complaints. *See id; see also Bell*, 2016 U.S. Dist. LEXIS 171466, at *12-13 (dismissing NYCHRL retaliation claim pursuant to Fed. R. Civ. P. 12(b)(6)) (citing *Soloviev*, 104 F. Supp. 3d at 250, 252-53 (dismissing NYCHRL discrimination and retaliation claims) and *Morgan*, 2013 U.S. Dist. LEXIS 17458, at *14 (dismissing a NYCHRL retaliation claim)).

Plaintiff's allegation that the interview itself is actionable is contrary to law, as employers have a legal obligation to investigate claims of harassment and, in fact, may face increased liability if they do not do so. *See generally Greene v. Trustees of Columbia Univ.*, 234 F. Supp. 2d 368, 380 (S.D.N.Y. 2002) (ruling on motion for summary judgment) ("An employer does not have to prove it successfully prevented harassing behavior in order to demonstrate that it exercised reasonable care in addressing the harassing conduct."). Further, Plaintiff gives this Court nothing

more than threadbare recitals of the elements of an NYCHRL retaliation claim when she asserts—without explanation nor support—that the February 2, 2017 interview would "dissuade a reasonable worker from making or supporting a charge of discrimination." FAC ¶ 387.

The legal conclusion that a "reasonable worker" would be so dissuaded is not supported by the three conclusory allegations about the interview: "The questioning on February 2, 2017 was hostile and demeaning to Plaintiff. During and subsequent to the interview Plaintiff suffered extreme emotional distress, which her therapist later noted. The retaliatory interview had an immediate impact on Plaintiff's health." FAC ¶¶ 172-74.[6] Plaintiff's allegations are mere labels—"hostile," "demeaning," "retaliatory"—for her subjective interpretation of the interview. She alleges no fact that explains how the Court could conclude it is "reasonably likely" others would be dissuaded from making a complaint by being interviewed by Human Resources, with two lawyers present, in those lawyers' office—and so she fails to state a claim upon which relief may be granted.

The conclusion that a reasonable worker would <u>not</u> be dissuaded is bolstered by the uncontested fact that Plaintiff's two lawyers (Laurie Berke-Weiss and Alex Berke) represented Plaintiff during the Berke-Weiss Interview and, according to documents filed by Plaintiff, participated in the interview and sought to control the tone and content of the interview. FAC Ex. B at 8 (stating that attorney Berke-Weiss "interrupted the interview and claimed that the questions asked to [Plaintiff] were retaliatory" and demanded that the interviewers "shouldn't discuss

---

[6]   As noted *supra*, Plaintiff's counsel disavowed any argument that she was basing her NYCHRL claim on any event that occurred outside of New York City, even if Plaintiff later "felt" the effects of the event while she happened to be inside New York City. May 24 Tr. at 4:3-16.

feelings but facts and that [the interviewers] should talk about what he did, not what she did."). Plaintiff's NYCHRL retaliation claim necessarily fails as a result.[7]

Finally, the proposition that Plaintiff or her lawyers are allowed to dictate the parameters of Canon's investigation and then sue when Canon takes a different approach than what Plaintiff preferred is contrary to law—particularly when the only complaints Plaintiff has are about the tone and content of the questions. *Cox v. Onondaga Cty. Sheriff's Dep't*, 760 F.3d 139, 147 (2d Cir. 2014) (rejecting as "frivolous" the argument that a retaliation claim could be based on "the nature and subject of the questioning" during the interview of the complainant and accused); *see also United States v. N.Y.C. Transit Auth.*, 97 F.3d 672, 677 (2d Cir. 1996) ("An employer has latitude in deciding how to handle and respond to discrimination claims . . . . Reasonable defensive measures do not violate the anti-retaliation provision of Title VII, even though such steps are adverse to the charging employee and result in differential treatment."). There is simply no legal basis for Plaintiff's NYCHRL retaliation claim to advance.

## CONCLUSION

For the foregoing reasons, Canon respectfully requests that that the Court dismiss Plaintiff's NYCHRL claims in their entirety and with prejudice.

---

[7] Counsel's active participation in the Berke-Weiss Interview is questionable and may expose them to disqualification. *See* May 24 Tr. at 8:17-9:12 (noting ethical concerns regarding the witness-advocate rule); *see also* Transcript of June 11, 2018 Initial Pre-Trial Conference at 9:16-19 ("THE COURT: . . . In other words, the allegations, as I understand it, is that despite counsel's presence and advocacy for the plaintiff at that [interview], [Canon] allegedly was still able to act in a way that was itself retaliatory.").

Dated: New York, New York
June 22, 2018

**DORSEY & WHITNEY LLP**


By  /s/ Melissa Raphan

Amanda M. Prentice (AP-0505)
prentice.amanda@dorsey.com
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Facsimile: (212) 953-7201

Melissa Raphan (admitted
*pro hac vice*)
raphan.melissa@dorsey.com
50 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2777

John T. Sullivan (admitted
*pro hac vice*)
sullivan.jack@dorsey.com
50 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2777

*Attorneys for Defendant Canon U.S.A., Inc.*