Amanda Prentice
Melissa Raphan
John T. Sullivan
51 West 52nd Street
New York, NY 10019-6119
(212) 415-9200

Attorneys for Defendant Canon U.S.A., Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------- X

FRANCES CICOGNA,                                  1:18-CV-2511-GHW

     Plaintiff,                          **ANSWER OF DEFENDANT CANON**
                                                  **U.S.A., INC. TO PLAINTIFF'S FIRST**
-v-                                               **AMENDED COMPLAINT**

CANON U.S.A., Inc.,

     Defendant.

-------------------------------------------------------------------------- X

For its Answer to the First Amended Complaint of Plaintiff Frances Cicogna filed June 7,

2018 in the above-captioned action [Dkt. 34] (the "Amended Complaint"), Defendant Canon

U.S.A., Inc. ("Canon U.S.A.") denies each and every allegation in the Amended Complaint

except as expressly admitted herein.

**PRELIMINARY STATEMENT**

1.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in the

first sentence of Paragraph 1 regarding Plaintiff's personal life, and therefore denies these

allegations and denies all other allegations in the first sentence. Canon U.S.A. further lacks

sufficient knowledge to admit or deny the allegations in the second sentence of Paragraph 1, and

therefore denies these allegations except to state that Plaintiff's employment history speaks for itself.  Canon U.S.A. denies each and every remaining allegation in Paragraph 1, but states that Plaintiff commenced a leave of absence from Canon U.S.A. effective October 24, 2016.  Plaintiff refused to return from her leave of absence despite knowing that the employment of the individual about whom she had raised concerns by letter dated November 21, 2016 had been terminated in February 2017.  Canon U.S.A. expressly denies that it ever engaged in any unlawful harassment, discrimination or retaliation against Plaintiff.

## NATURE OF THE ACTION

2.       Canon U.S.A. states that Paragraph 2 contains only legal conclusions to which no response is required and to the extent a response is required, Canon U.S.A. states that the Amended Complaint speaks for itself as to what Plaintiff is claiming but denies that there is any merit to her claims or that she is entitled to any relief for any of her claims.

3.       Canon U.S.A. denies the allegations in Paragraph 3, except to state that Plaintiff requested, and was approved for, short-term disability leave effective October 24, 2016.

4.       Canon U.S.A. denies the allegations in Paragraph 4, except to state that Plaintiff's attorneys attached a document titled "Charge of Discrimination" to a letter dated November 21, 2016 addressed to Canon U.S.A.'s Chairman and Chief Executive Officer, stating that it was to be delivered "By FedEx," and further states that at a later date, Plaintiff submitted a notarized version of a Charge of Discrimination to the EEOC and further states that there is no merit to any of Plaintiff's claims.

5.       Canon U.S.A. denies the allegations in Paragraph 5.

6.       Canon U.S.A. denies the allegations in Paragraph 6.

7.       Canon U.S.A. denies the allegations in Paragraph 7.

## JURISDICTION AND VENUE

8.      Canon U.S.A. states that Paragraph 8 contains only legal conclusions to which no response is required and to the extent a response is required, states that the Amended Complaint speaks for itself and that the Court has jurisdiction over Plaintiff's Title VII claims and supplementary jurisdiction over her NYSHRL claims but not over her NYCHRL claims because Plaintiff fails to state a claim under the NYCHRL; and further states that Plaintiff's claims lack any merit.

9.      Canon U.S.A. states that Paragraph 9 contains only legal conclusions to which no response is required and to the extent a response is required, states that it lacks sufficient knowledge to admit or deny the allegations as it relates to whether Plaintiff is a resident of this District and denies the remaining allegations except to state that Canon U.S.A.'s headquarters are located in Suffolk County; and further states that Plaintiff's claims lack any merit.

10.     Canon U.S.A. admits that Plaintiff filed a Charge of Discrimination with the EEOC ("the Charge") and states that the Charge speaks for itself, but lacks sufficient knowledge to admit or deny whether Plaintiff filed the Charge on March 13, 2017, and therefore denies the allegations in the first sentence of Paragraph 10.  Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in the second sentence of Paragraph 10, and therefore denies those allegations.

11.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 11, and therefore denies the allegations; and further states that Plaintiff's NYCHRL claims lack any merit.

## PARTIES

12.     Canon U.S.A. admits that when Plaintiff last worked at Canon U.S.A. she lived in Westchester County but lacks sufficient knowledge to admit or deny the allegations in Paragraph 12 as to where Plaintiff lives now, and therefore denies those allegations.

13.     Canon U.S.A. denies the allegations in Paragraph 13 and states that Plaintiff began her employment at Canon U.S.A. as a Product Marketing Manager in the ISG Production Systems Product Management Division with a start date on or about June 30, 2010.

14.     Canon U.S.A. admits the allegations in Paragraph 14 and further states that its long-term disability benefits are insured by The Prudential Insurance Company of America ("Prudential"), and that Plaintiff failed to submit information sought by Prudential to support any claim of continued disability after she was approved for, and exhausted, short-term disability benefits.  Canon U.S.A. further states that Plaintiff received 25 weeks of salary continuation (commonly referred to by employees as "short-term disability").  The first 10 weeks of leave were at 100% of her salary and the remaining weeks were at 67% of her salary.  Canon U.S.A. states that it allowed Plaintiff to take an unpaid leave after she failed to provide the necessary supporting documentation for her claim of continued disability and she refused to return to work.

15.     Canon U.S.A. denies the allegations in Paragraph 15, except to state that on February 26, 2018, it sent Plaintiff a letter explaining that her leave of absence would end because Prudential had denied Plaintiff's claim for Long Term Disability (LTD) benefits due to her failure to provide documentation to support the need for LTD benefits and the time to appeal that determination had elapsed and any failure to return to work would be deemed job abandonment.

16.     Canon U.S.A. states that Paragraph 16 contains only legal conclusions to which no response is required and to the extent a response is required, Canon U.S.A. denies the allegations.

17.     Canon U.S.A. denies the allegations in Paragraph 17, except to state that its parent is Canon Inc., that Canon Inc. is a Fortune 500 company and that Canon U.S.A. is a leading provider of consumer, business-to-business and industrial digital imaging products and solutions, including cameras, office equipment, and medical equipment.

18.     Canon U.S.A. admits the allegations in Paragraph 18.

19.     Canon U.S.A. denies the allegations in Paragraph 19, except to state that Canon U.S.A.'s corporate headquarters are in Melville, NY.

20.     Canon U.S.A. denies the allegations in Paragraph 20, except to state that Canon Solutions America, Inc. is a wholly owned subsidiary of Canon U.S.A. and that Canon Solutions America, Inc. has an office in New York City.

21.     Canon U.S.A. denies the allegations in Paragraph 21.

22.     Canon U.S.A. states that Paragraph 22 contains only legal conclusions to which no response is required.  To the extent a response is required, Canon U.S.A. denies the allegations.

With regard to the unnumbered section heading and subheading that appear before Paragraph 23, Canon U.S.A. denies that Plaintiff has alleged "Facts" in her Amended Complaint and further denies the allegations in the unnumbered subheading titled, "Plaintiff Was A Successful Marketer and Canon Employee," and the unnumbered subheading titled, "Plaintiff is a Well-Respected Professional in Her Industry."

## FACTS

23.      Canon U.S.A. denies the allegations in Paragraph 23, except to state that Plaintiff's employment history speaks for itself.

24.      Canon U.S.A. denies the allegations in Paragraph 24, except to state that Plaintiff traveled as part of her work.

25.      Canon U.S.A. denies the allegations in Paragraph 25.

26.      Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 26, and therefore denies the allegations.

27.      Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 27, and therefore denies the allegations.

28.      Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 28, and therefore denies the allegations.

29.      Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 29, and therefore denies the allegations, and further states that the website description of the Soderstrom Society speaks for itself.

30.      Canon U.S.A. denies the allegations in Paragraph 30 and states that Plaintiff began her employment at Canon U.S.A. as a Product Marketing Manager in the ISG Production Systems Product Management Division with a start date on or about June 30, 2010.

31.      Canon U.S.A. denies the allegations in Paragraph 31, except to state that Plaintiff traveled as part of her work.

32.      Canon U.S.A. denies the allegations in Paragraph 32.

33.      Canon U.S.A. denies the allegations in Paragraph 33.

34.      Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 34, and therefore denies the allegations.

35.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 35, and therefore denies the allegations.

36.     Canon U.S.A. denies the allegations in the first sentence of Paragraph 36.  Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in the second sentence of Paragraph 36, and therefore denies the allegations.

37.     Canon U.S.A. denies the allegations in Paragraph 37, except to state that Mr. Dollard was Plaintiff's immediate supervisor in 2013 and again in 2016 and that Plaintiff reported to Robert Barbera in 2014 and 2015.

38.     Canon U.S.A. denies the allegations in Paragraph 38, except to state that Mr. Dollard held various Director-level positions at Canon U.S.A.

39.     Canon U.S.A. denies the allegations in Paragraph 39 and states that Plaintiff's role changed, and in connection with her new role, the title changed.  However, the change had no negative impact on her compensation or pay grade or standing with Canon U.S.A.  In fact in April 2014 and April 2015, she received a merit increase and remained at the same job/pay grade throughout the rest of her employment.  Canon further states that for a period of time between 2013 and 2016 she did not have direct reports.

40.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 40, and therefore denies the allegations.

41.     Canon U.S.A. denies the allegations in Paragraph 41.

42.     Canon U.S.A. denies the allegations in Paragraph 42, except to state that Plaintiff's leave of absence began on October 24, 2016.

43.     Canon U.S.A. denies the allegations in Paragraph 43.

44.     Canon U.S.A. denies the allegations in Paragraph 44.

Canon U.S.A. denies the allegations in the unnumbered subheading which appears before Paragraph 45.

45.     Canon U.S.A. denies the allegations in Paragraph 45.

46.     Canon U.S.A. denies the allegations in Paragraph 46.

47.     Canon U.S.A. denies the allegations in Paragraph 47, except to state that at one point in time, Canon had a posting policy which required employees to inform their supervisors if they applied for internal positions.

48.     Canon U.S.A. denies the allegations in Paragraph 48, except to state that Mr. Dollard was an employee of Océ North America, Inc. before joining Canon U.S.A.

49.     Canon U.S.A. denies the allegations in Paragraph 49, except to state that the policy changed effective July 1, 2015.

50.     Canon U.S.A. denies the allegations in Paragraph 50 and states that Plaintiff received performance reviews for the calendar years ending December 31, 2015, December 31, 2014, December 31, 2013, December 31, 2012, and December 31, 2011.

51.     Canon U.S.A. denies the allegations in Paragraph 51, except to state that the 2013 Performance Review speaks for itself.

52.     Canon U.S.A. denies the allegations in Paragraph 52.

53.     Canon U.S.A. denies the allegations in Paragraph 53, except to state that as of January 2014, Plaintiff reported to Robert Barbera.

54.     Canon U.S.A. denies the allegations in Paragraph 54 and states that the 2014 and 2015 performance reviews speak for themselves.

55.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 55, and therefore denies the allegations.  Canon U.S.A. further states that Robert

Barbera, Plaintiff's immediate supervisor in 2014 and 2015, completed Plaintiff's performance reviews for those years.

56.     Canon U.S.A. denies the allegations in Paragraph 56.

57.     Canon U.S.A. denies the allegations in Paragraph 57.

58.     Canon U.S.A. denies the allegations in Paragraph 58, except to state that certain employees are eligible to be considered for a discretionary merit-based bonus that is generally paid in December.

59.     Canon U.S.A. denies the allegations in Paragraph 59, except to state that Plaintiff was not eligible to receive any raise or bonus in December 2016 but did receive a profit-sharing contribution in May 2017.

60.     Canon U.S.A. denies the allegations in Paragraph 60.

Canon U.S.A. denies the allegations in the unnumbered subheading which appears before Paragraph 61.

61.     Canon U.S.A. denies the allegations in Paragraph 61.

62.     Canon U.S.A. denies the allegations in Paragraph 62, except to state that Plaintiff's responsibilities changed in January 2014, her workspace was moved and her salary and job grade did not change.

63.     Canon U.S.A. denies the allegations in Paragraph 63, except to state that, at some point, Jennifer Kolloczek was assigned the cubicle that had been occupied by Plaintiff.

64.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 64, and therefore denies the allegations.

65.     Canon U.S.A. denies the allegations in Paragraph 65.

66.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 66, and therefore denies the allegations.

67.     Canon U.S.A. denies that Dollard started making unwelcome and unwanted sexual advances and lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 67, and therefore denies the allegations.

68.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 68, and therefore denies the allegations.

69.     Canon U.S.A. denies the allegations in Paragraph 69.

70.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 70, and therefore denies the allegations except to state that Plaintiff was not "promoted" in 2016.

71.     Canon U.S.A. denies the allegations in Paragraph 71.

72.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 72, and therefore denies the allegations.

73.     Canon U.S.A. denies the allegations in Paragraph 73.

74.     Canon U.S.A. denies the allegations in Paragraph 74.

75.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 75, and therefore denies the allegations.  Canon U.S.A. further denies that its Human Resources department ever received a complaint about Mr. Dollard prior to the letter dated November 21, 2016 sent by Plaintiff's counsel to Canon U.S.A.

Canon U.S.A. denies the allegations in the unnumbered subheading which appears before Paragraph 76.

76.     Canon U.S.A. lacks sufficient knowledge to admit or deny allegations in Paragraph 76, and therefore denies the allegations.

77.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 77, and therefore denies the allegations.

78.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 78, and therefore denies the allegations.

79.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 79, and therefore denies the allegations.

80.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations on Paragraph 80, and therefore denies the allegations.

81.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 81, and therefore denies the allegations.

82.     Canon U.S.A. denies the allegations in Paragraph 82.

83.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 83, and therefore denies the allegations.

84.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 84, and therefore denies the allegations.  Canon U.S.A. denies the allegations in the second sentence of Paragraph 84.

85.     Canon U.S.A. denies the allegations in Paragraph 85.

86.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 86, and therefore denies the allegations.

87.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 87, and therefore denies the allegations.

88.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 88, and therefore denies the allegations.

89.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 89, and therefore denies the allegations.  Canon U.S.A. denies the remaining allegations in Paragraph 89.

90.     Canon U.S.A. denies the allegations in Paragraph 90.

91.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 91, and therefore denies the allegations.

92.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 92, and therefore denies the allegations.

93.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 93, and therefore denies the allegations.

94.     Canon U.S.A. denies the allegations in Paragraph 94.

95.     Canon U.S.A. denies the allegations in Paragraph 95.

96.     Canon U.S.A. denies the allegations in Paragraph 96.

97.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 97, and therefore denies the allegations.

98.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 98, and therefore denies the allegations.

99.     Canon U.S.A. denies the allegations in Paragraph 99.

100.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 100, and therefore denies the allegations.

101.     Canon U.S.A. denies the allegations in Paragraph 101.

102.    Canon U.S.A. denies the allegations in Paragraph 102.

103.    Canon U.S.A. denies the allegations in Paragraph 103.

104.    Canon U.S.A. denies the allegations in Paragraph 104, except to state that Plaintiff got a salary merit increase in 2016.

105.    Canon U.S.A. denies the allegations in Paragraph 105.

106.    Canon U.S.A. denies the allegations in Paragraph 106.

107.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 107, and therefore denies the allegations.

108.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in the first and second sentences of Paragraph 108 and therefore denies the allegations.  Canon U.S.A. denies the allegations in the third sentence of Paragraph 108.

109.    Canon U.S.A. denies the allegations in Paragraph 109.

110.    Canon U.S.A. denies the allegations in Paragraph 110.

111.    Canon U.S.A. denies the allegations in Paragraph 111.

112.    Canon U.S.A. denies the allegations in Paragraph 112.

113.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 113, and therefore denies the allegations.

Canon U.S.A. denies the allegations in the unnumbered section heading that appears before Paragraph 114.

114.    Canon U.S.A. denies the allegations in Paragraph 114.

115.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 115, and therefore denies the allegations.

116.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 116, and therefore denies the allegations.

117.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 117, and therefore denies the allegations.

118.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 118, and therefore denies the allegations.

119.    Canon U.S.A. denies the allegations in Paragraph 119 and refers to the Human Resources Investigative Report ("the Report") for the contents thereof.

120.    Canon U.S.A. denies the allegations in Paragraph 120.

121.    Canon U.S.A. denies the allegations in Paragraph 121.

122.    Canon U.S.A. denies the allegations in Paragraph 122.

123.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 123, and therefore denies the allegations.

124.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 124, and therefore denies the allegations.

125.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 125, and therefore denies the allegations.

126.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 126, and therefore denies the allegations.

127.    Canon U.S.A. denies the allegations in the first and third sentences of Paragraph 127.  Canon U.S.A. lacks sufficient information to admit or deny the allegations in the second sentence of Paragraph 127, and therefore denies the allegations.

128.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 128, and therefore denies the allegations.

129.    Canon U.S.A. denies the allegations in Paragraph 129, except to state that, for the first time after Human Resources interviewed Plaintiff (on February 2, 2017) as part of its investigation of Plaintiff's claims, Plaintiff provided selected text messages which she alleged she had received from Mr. Dollard attached as Exhibit C to the FAC.

130.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 130, and therefore denies the allegations except to state that, Plaintiff first provided selected text messages which she alleged she had received from Mr. Dollard attached as Exhibit C to the FAC, only after the Human Resources interview of Plaintiff on February 2, 2017.

131.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 131, and therefore denies the allegations.

132.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 132, and therefore denies the allegations.

Canon U.S.A. denies the allegations in the unnumbered subheading that appears before Paragraph 133.

133.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 133, and therefore denies the allegations.

134.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 134, and therefore denies the allegations.

135.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 135, and therefore denies the allegations.

136.     Canon U.S.A. admits the allegations in Paragraph 136, except to state that Plaintiff's salary continuation benefits were administered by Prudential and ended on April 23, 2017 as those benefits had been exhausted.

Canon U.S.A. denies the allegations in the unnumbered section heading that appears before Paragraph 137.

137.     Canon U.S.A. denies the allegations in Paragraph 137 and states that Plaintiff completed training on Canon U.S.A.'s policies against discrimination and harassment which policies provide that discrimination and harassment must be reported and further provide numerous methods by which employees may make these reports.

138.     Canon U.S.A. denies the allegations in Paragraph 138 and states that Canon U.S.A.'s Position Statement filed with the EEOC ("the Position Statement") speaks for itself and refers to the contents of the Position Statement thereof.

139.     Canon U.S.A. denies the allegations in Paragraph 139.

140.     Canon U.S.A. denies the allegations in Paragraph 140.  Canon U.S.A. further states that the duty to report sexual harassment, including amongst other options, to the Business Integrity/Compliance Hotline, is stated in a number of policies, including but not limited to Canon's Employee Code of Conduct, Canon's Sexual Harassment and Other Prohibited Harassment Policy, and Canon's Reporting and Investigating Violations Policy and Canon's Non-Discrimination Policy and, as a Canon U.S.A. employee, Plaintiff signed an agreement which required her to review and adhere to the policies.

141.     Canon U.S.A. denies the allegations in Paragraph 141 and states that not only did Plaintiff complete sexual harassment training while she was an employee, but she also signed an agreement to review Canon's Employee Handbook, which contains a policy against sexual

harassment and, further, Plaintiff signed an agreement when she joined Canon U.S.A., in which she agreed to abide by Canon U.S.A.'s policies, including the policy against sexual harassment.

142.    Canon U.S.A. denies the allegations in Paragraph 142.

Canon U.S.A. denies the allegations in the unnumbered subheading that appears before Paragraph 143.

143.    Canon U.S.A. lacks sufficient knowledge to admit or deny what Plaintiff recalls about the sexual harassment training she received, and therefore denies the allegations in Paragraph 143, but states that Plaintiff did indeed receive training on Canon U.S.A.'s policies against sexual harassment, including how to report sexual harassment.

144.    Canon U.S.A. lacks sufficient knowledge to admit or deny what Plaintiff claims to have been aware of, and therefore denies the allegations in Paragraph 144.  Canon U.S.A. further denies the allegations in Paragraph 144 because Plaintiff received training against sexual harassment, and she signed an agreement in which she stated she would abide by Canon U.S.A.'s policy against sexual harassment.

145.    Canon U.S.A. denies the allegations in Paragraph 145.

146.    Canon U.S.A. denies the allegations in Paragraph 146.

147.    Canon U.S.A. denies the allegations in Paragraph 147.

148.    Canon U.S.A. denies the allegations in Paragraph 148.

149.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 149, and therefore denies the allegations.

150.    Canon U.S.A. denies the allegations in Paragraph 150.

151.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 151, and therefore denies the allegations.

152.     Canon U.S.A. denies the allegations in Paragraph 152.

153.     Canon U.S.A. denies the allegations in Paragraph 153 and refers to the Report for the contents thereof.

154.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 154, and therefore denies the allegations.  Canon U.S.A. denies the allegations in the second sentence of Paragraph 154.

Canon U.S.A denies the allegations in the unnumbered subheading which appears before Paragraph 155.

155.     Canon U.S.A. admits that it received the letter referenced in the first sentence of Paragraph 155, which letter was dated November 21, 2016 and refers to the letter for the contents thereof.  Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in the second sentence of Paragraph 155, and therefore denies these allegations and further states that Canon U.S.A. provides multiple avenues for reporting sexual harassment allegations, none of which Plaintiff availed herself of before going on a leave in October 2016.

156.     Canon U.S.A. denies the allegations in Paragraph 156.

157.     Canon U.S.A. denies the allegations in Paragraph 157 and refers to the Report for the contents thereof and to demonstrate the thoroughness of the investigation.

158.     Canon U.S.A. denies the allegations in the first sentence of Paragraph 158. Canon U.S.A. states that its letter response to Plaintiff's attorney was dated November 29, 2016, and denies the remainder of the allegations in subpart (a) of Paragraph 158.  Canon U.S.A. denies the allegations in subpart (b) in Paragraph 158.  Canon U.S.A. denies the allegations in subpart (c) of Paragraph 158 and further states that Plaintiff's counsel refused to make Plaintiff available when Canon U.S.A.'s Human Resources department requested to meet with her.  After

multiple repeated requests, Plaintiff's counsel finally agreed to make her available, for a limited period of time with Plaintiff's counsel attending the interview, which interview occurred in Plaintiff's counsel's offices.  Canon U.S.A. refers to the Report for the contents thereof.

159.    Canon U.S.A. denies the allegations in Paragraph 159 and refers to the Report for the contents thereof.

160.    Canon U.S.A. denies the allegations in Paragraph 160, except to state that it did not interview Mr. Barbera and refers to the Report for the contents thereof.

161.    Canon U.S.A. denies the allegations in Paragraph 161 and refers to the Report for the contents thereof.

162.    Canon U.S.A. denies the allegations in Paragraph 162 and refers to the Report for the contents thereof.

163.    Canon U.S.A. denies the allegations in Paragraph 163 and refers to the draft Charge for the contents thereof.

164.    Canon U.S.A. denies the allegations in Paragraph 164.

165.    Canon U.S.A. denies the allegations in Paragraph 165 and refers to the Report for the contents thereof.

166.    Canon U.S.A. denies the allegations in Paragraph 166.

167.    Canon U.S.A. denies the allegations in Paragraph 167.

168.    Canon U.S.A. admits the allegations in Paragraph 168, except affirmatively states it implies that Canon U.S.A. delayed the interview when, in fact, the Plaintiff's attorneys interfered with setting up the interview.

169.    Canon U.S.A. denies the allegations in Paragraph 169.

170.    Canon U.S.A. denies the allegations in Paragraph 170.

171.   Canon U.S.A. denies the allegations in Paragraph 171, except states that it lacks sufficient knowledge to admit or deny what activities Plaintiff may have had on January 18, 2017, which allegedly prevented her from attending the interview.

172.   Canon U.S.A. denies the allegations in Paragraph 172.

173.   Canon U.S.A. denies the allegations in Paragraph 173.

174.   Canon U.S.A. denies the allegations in Paragraph 174.

175.   Canon U.S.A. denies the allegations in Paragraph 175, and refers to the Report for the contents thereof.

176.   Canon U.S.A. denies the allegations in Paragraph 176.

177.   Canon U.S.A. denies the allegations in Paragraph 177.

178.   Canon U.S.A. denies the allegations in Paragraph 178 and refers to the Report for the contents thereof.

179.   Canon U.S.A. denies the allegations in Paragraph 179.

180.   Canon U.S.A. denies the allegations in Paragraph 180 and refers to the Report for the contents thereof.

181.   Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 181, and therefore denies the allegations, except to state that following Plaintiff's delivery of certain text messages to Canon U.S.A. in February 2017, Canon U.S.A. interviewed Mr. Dollard for the third time and terminated his employment on February 27, 2017.

182.   Canon U.S.A. denies the allegations in Paragraph 182.

183.   Canon U.S.A. denies the allegations in Paragraph 183 and refers to the Report for the contents thereof.

184.     Canon U.S.A. denies the allegations in Paragraph 184 and refers to the Report for the contents thereof.

185.     Canon U.S.A. denies the allegations in Paragraph 185.

186.     Canon U.S.A. denies the allegations in Paragraph 186 and refers to the Report for the contents thereof.

187.     Canon U.S.A. denies the allegations in Paragraph 187 and refers to the Report for the contents thereof.

188.     Canon U.S.A. denies the allegations in Paragraph 188 and refers to the Report for the contents thereof.

189.     Canon U.S.A. denies the allegations in Paragraph 189 and refers to the Report for the contents thereof.

190.     Canon U.S.A. denies the allegations in Paragraph 190 and refers to the Report for the contents thereof.

191.     Canon U.S.A. denies the allegations in Paragraph 191.

192.     Canon U.S.A. denies the allegations in Paragraph 192.

193.     Canon U.S.A. denies the allegations in Paragraph 193.

194.     Canon U.S.A. denies the allegations in Paragraph 194.

195.     Canon U.S.A. denies the allegations in Paragraph 195.

196.     Canon U.S.A. denies the allegations of Paragraph 196.

197.     Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 197, and therefore denies the allegations except to state that Plaintiff presented Canon U.S.A. with selected texts allegedly from Mr. Dollard for the first time after Plaintiff's interview on February 2, 2017 and refers to Exhibit C of the FAC for the contents thereof.

198.    Canon U.S.A. denies the allegations in Paragraph 198 and refers to the Report for the contents thereof.

199.    Canon U.S.A. denies the allegations in Paragraph 199 and refers to the Report for the contents thereof.

200.    Canon U.S.A. denies the allegations in Paragraph 200.

201.    Canon U.S.A. denies the allegations in Paragraph 201.

202.    Canon U.S.A. denies the allegations in Paragraph 202 and refers to the Report for the contents thereof.

203.    Canon U.S.A. denies the allegations in Paragraph 203.

204.    Canon U.S.A. denies the allegations in Paragraph 204 and refers to the Report for the contents thereof.

205.    Canon U.S.A. denies the allegations in Paragraph 205 and refers to the Report for the contents thereof.

206.    Canon U.S.A. denies the allegations in Paragraph 206, except to state that Plaintiff received salary continuation benefits through April 23, 2017.

207.    Canon U.S.A. denies the allegations in Paragraph 207.

208.    Canon U.S.A. denies the allegations in Paragraph 208, except to state that it sent Plaintiff a letter dated February 28, 2017, in which it informed Plaintiff, among other things, that Mr. Dollard was no longer working at Canon U.S.A. and that it is standard practice to have an employee's health care provider verify in writing that the employee is medically able to return to work and perform the essential functions of his or her job, with or without a reasonable accommodation.

209.    Canon U.S.A. denies the allegations in Paragraph 209 and further states that the February 28, 2017 letter to Plaintiff informed her that she would be reporting to Mr. Barbera, who had previously been her supervisor.

210.    Canon U.S.A. denies the allegations in Paragraph 210.

211.    Canon U.S.A. denies the allegations in Paragraph 211, except to state that Mr. Dollard's employment was terminated and Canon U.S.A. notified both Plaintiff and her counsel of this fact.

212.    Canon U.S.A. denies the allegations in Paragraph 212.

213.    Canon U.S.A. denies the allegations in Paragraph 213.

214.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 214, and therefore denies the allegations except to state that it terminated Mr. Dollard's employment.

215.    Canon U.S.A. lacks sufficient knowledge to admit or deny the allegations in Paragraph 215, and therefore denies the allegations.

216.    Canon U.S.A. denies the allegations in Paragraph 216.

217.    Canon U.S.A. denies the allegations in Paragraph 217.

218.    Canon U.S.A. denies the allegations in Paragraph 218.

### FIRST CLAIM
### (Gender Discrimination in Violation of Title VII)

219.    In response to Paragraph 219, Canon U.S.A. restates and incorporates herein by reference its responses to Paragraphs 1-218 above as if stated in full herein.

220.    Canon U.S.A. states that Paragraph 220 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

221.   Canon U.S.A. states that Paragraph 221 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

222.   Canon U.S.A. denies the allegations in Paragraph 222.

223.   Canon U.S.A. denies the allegations in Paragraph 223.

224.   Canon U.S.A. denies the allegations in Paragraph 224.

225.   Canon U.S.A. denies the allegations in Paragraph 225.

226.   Canon U.S.A. denies the allegations in Paragraph 226.

227.   Canon U.S.A. states that Paragraph 227 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. denies the allegations.

228.   Canon U.S.A. denies the allegations in Paragraph 228.

229.   Canon U.S.A. denies the allegations in Paragraph 229.

**SECOND CLAIM**
**(*Quid Pro Quo* Sexual Harassment in Violation of Title VII)**

230.   In response to Paragraph 230, Canon U.S.A. restates and incorporates herein by reference its responses to Paragraphs 1-229 above, as if stated in full herein.

231.   Canon U.S.A. states that Paragraph 231 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

232.   Canon U.S.A. states that Paragraph 232 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

233.   Canon U.S.A. states that Paragraph 233 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

234.   Canon U.S.A. denies the allegations in Paragraph 234.

235.   Canon U.S.A. denies the allegations in Paragraph 235.

236.   Canon U.S.A. denies the allegations in Paragraph 236.

237.     Canon U.S.A. denies the allegations in Paragraph 237.

238.     Canon U.S.A. states that Paragraph 238 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. denies the allegations.

239.     Canon U.S.A. denies the allegations in Paragraph 239.

240.     Canon U.S.A. states that Paragraph 240 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon denies the allegations in Paragraph 240.

241.     Canon U.S.A. denies the allegations in Paragraph 241.

242.     Canon U.S.A. denies the allegations in Paragraph 242.

## THIRD CLAIM
### (Hostile Work Environment in Violation of Title VII)

243.     In response to Paragraph 243, Canon U.S.A. restates and incorporates herein by reference its responses to Paragraphs 1-242 above as if stated in full herein.

244.     Canon U.S.A. states that Paragraph 244 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

245.     Canon U.S.A. states that Paragraph 245 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

246.     Canon U.S.A. states that Paragraph 246 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. denies the allegations.

247.     Canon U.S.A. states that Paragraph 247 alleges a legal conclusion to which no response is required as well as vague references to "conduct."  To the extent a response is required, Canon U.S.A. denies the allegations.

248.     Canon U.S.A. denies the allegations in Paragraph 248.

249.     Canon U.S.A. denies the allegations in Paragraph 249.

250.     Canon U.S.A. denies the allegations in Paragraph 250.

251.     Canon U.S.A. denies the allegations in Paragraph 251.

252.     Canon U.S.A. denies the allegations in Paragraph 252.

253.     Canon U.S.A. denies the allegations in Paragraph 253.

254.     Canon U.S.A. denies the allegations in Paragraph 254.

255.     Canon U.S.A. denies the allegations in Paragraph 255.

## FOURTH CLAIM
### (Retaliation in Violation of Title VII)

256.     In response to Paragraph 256, Canon U.S.A. restates and incorporates herein by reference its responses to Paragraphs 1-255 above as if stated in full herein.

257.     Canon U.S.A. states that Paragraph 257 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

258.     Canon U.S.A. states that Paragraph 258 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

259.     Canon U.S.A. states that Paragraph 259 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. denies the allegations.

260.     Canon U.S.A. denies the allegations in Paragraph 260.

261.     Canon U.S.A. denies the allegations in Paragraph 261.

262.     Canon U.S.A. denies the allegations in Paragraph 262.

263.     Canon U.S.A. denies the allegations in Paragraph 263.

264.     Canon U.S.A. denies the allegations in Paragraph 264.

265.     Canon U.S.A. denies the allegations in Paragraph 265.

266.     Canon U.S.A. denies the allegations in Paragraph 266 and refers to the Report for the contents thereof.

267.   Canon U.S.A. denies the allegations in Paragraph 267.

268.   Canon U.S.A. denies the allegations in Paragraph 268.

269.   Canon U.S.A. denies the allegations in Paragraph 269.

270.   Canon U.S.A. denies the allegations in Paragraph 270.

271.   Canon U.S.A. denies the allegations in Paragraph 271.

272.   Canon U.S.A. denies the allegations in Paragraph 272.

273.   Canon U.S.A. denies the allegations in Paragraph 273.

274.   Canon U.S.A. denies the allegations in Paragraph 274.

**FIFTH CLAIM**
**(Gender Discrimination in Violation of New York**
**State Human Rights Law)**

275.   In response to Paragraph 275, Canon U.S.A. restates and incorporates herein by reference its responses to Paragraphs 1-274 above as if stated in full herein.

276.   Canon U.S.A. states that Paragraph 276 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

277.   Canon U.S.A. states that Paragraph 277 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

278.   Canon U.S.A. denies the allegations in Paragraph 278.

279.   Canon U.S.A. denies the allegations in Paragraph 279.

280.   Canon U.S.A. denies the allegations in Paragraph 280.

**SIXTH CLAIM**
**(*Quid Pro Quo* Sexual Harassment in Violation of**
**New York State Human Rights Law)**

281.   In response to Paragraph 281, Canon U.S.A. restates and incorporates herein by reference its responses to Paragraphs 1-280 above as if stated in full herein.

282.     Canon U.S.A. states that Paragraph 282 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

283.     Canon U.S.A. states that Paragraph 283 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

284.     Canon U.S.A. states that Paragraph 284 alleges legal conclusions to which no response is required. To the extent a response is required, Canon U.S.A. denies the allegations.

285.     Canon U.S.A. states that Paragraph 285 alleges legal conclusions to which no response is required.  To the extent a response is required, Canon U.S.A. denies the allegations.

286.     Canon U.S.A. denies the allegations in Paragraph 286.

287.     Canon U.S.A. denies the allegations in Paragraph 287.

288.     Canon U.S.A. denies the allegations in Paragraph 288.

289.     Canon U.S.A. denies the allegations in Paragraph 289.

**SEVENTH CLAIM**
**(Hostile Work Environment in Violation of**
**New York State Human Rights Law)**

290.     In response to Paragraph 290, Canon U.S.A. restates and incorporates herein by reference its responses to Paragraphs 1-289 above as if stated in full herein.

291.     Canon U.S.A. states that Paragraph 291 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

292.     Canon U.S.A. states that Paragraph 292 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

293.     Canon U.S.A. states that Paragraph 293 alleges legal conclusions such that no response is required.  To the extent a response is required, Canon U.S.A. denies the allegations in Paragraph 293.

294.    Canon U.S.A. states that Paragraph 294 alleges legal conclusions such that no response is required.  To the extent a response is required, Canon U.S.A. denies the allegations in Paragraph 294.

295.    Canon U.S.A. denies the allegations in Paragraph 295.

296.    Canon U.S.A. denies the allegations in Paragraph 296.

**EIGHTH CLAIM**
**(Retaliation in Violation of New York State Human Rights Law)**

297.    In response to Paragraph 297, Canon U.S.A. restates and incorporates herein by reference its responses to Paragraphs 1-296 above as if stated in full herein.

298.    Canon U.S.A. states that Paragraph 298 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

299.    Canon U.S.A. states that Paragraph 299 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

300.    Canon U.S.A. denies the allegations in Paragraph 300.

301.    Canon U.S.A. denies the allegations in Paragraph 301.

302.    Canon U.S.A. denies the allegations in Paragraph 302.

303.    Canon U.S.A. denies the allegations in Paragraph 303.

304.    Canon U.S.A. denies the allegations in Paragraph 304.

305.    Canon U.S.A. denies the allegations in Paragraph 305.

306.    Canon U.S.A. denies the allegations in Paragraph 306.

307.    Canon U.S.A. denies the allegations in Paragraph 307.

308.    Canon U.S.A. denies the allegations in Paragraph 308.

309.    Canon U.S.A. denies the allegations in Paragraph 309.

## NINTH CLAIM
### (Gender Discrimination in Violation of New York City Human Rights Law)

310-321.        In response to Paragraphs 310 through 321, Canon U.S.A. asserts that the Ninth Claim of the Amended Complaint fails to state a claim upon which relief may be granted. In lieu of filing an Answer with respect to the Ninth Claim, Canon U.S.A. filed a Motion to Dismiss in accordance with Fed. R. Civ. P. 12(b)(6) and this Court's Individual Rules of Practice in Civil Cases (*see* Motion to Dismiss Filed June 22, 2018 (Dkt. Nos. 37 and 38)).

## TENTH CLAIM
### (*Quid Pro Quo* Harassment in Violation of New York City Human Rights Law)

322-333.        In response to Paragraphs 322 through 333, Canon U.S.A. asserts that the Tenth Claim of the Amended Complaint fails to state a claim upon which relief may be granted. In lieu of filing an Answer with respect to the Tenth Claim, Canon U.S.A. filed a Motion to Dismiss in accordance with Fed. R. Civ. P. 12(b)(6) and this Court's Individual Rules of Practice in Civil Cases (*see* Motion to Dismiss Filed June 22, 2018 (Dkt. Nos. 37 and 38)).

## ELEVENTH CLAIM
### (Hostile Work Environment in Violation of New York City Human Rights Law)

334-347.        In response to Paragraphs 334 through 347, Canon U.S.A. asserts that the Eleventh Claim of the Amended Complaint fails to state a claim upon which relief may be granted. In lieu of filing an Answer with respect to the Eleventh Claim, Canon U.S.A. filed a Motion to Dismiss in accordance with Fed. R. Civ. P. 12(b)(6) and this Court's Individual Rules of Practice in Civil Cases (*see* Motion to Dismiss Filed June 22, 2018 (Dkt. Nos. 37 and 38)).

**TWELFTH CLAIM**
**(Constructive Discharge in Violation of Title VII)**

348.     In response to Paragraph 348, Canon U.S.A. restates and incorporates herein by reference its responses to Paragraphs 1-347 above as if stated in full herein.

349.     Canon U.S.A. states that Paragraph 349 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

350.     Canon U.S.A. states that Paragraph 350 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

351.     Canon U.S.A. denies the allegations in Paragraph 351.

352.     Canon U.S.A. denies the allegations in Paragraph 352.

353.     Canon U.S.A. denies the allegations in Paragraph 353.

354.     Canon U.S.A. denies the allegations in Paragraph 354.

355.     Canon U.S.A. denies the allegations in Paragraph 355.

356.     Canon U.S.A. denies the allegations in Paragraph 356.

357.     Canon U.S.A. denies the allegations in Paragraph 357.

358.     Canon U.S.A. denies the allegations in Paragraph 358.

**THIRTEENTH CLAIM**
**(Constructive Discharge in Violation of New York State Human Rights Law)**

359.     In response to Paragraph 359, Canon U.S.A. restates and incorporates herein by reference its responses to Paragraphs 1-358 above as if stated in full herein.

360.     Canon U.S.A. states that Paragraph 360 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

361.     Canon U.S.A. states that Paragraph 361 alleges a legal conclusion to which no response is required.  To the extent a response is required, Canon U.S.A. admits the allegations.

362.     Canon U.S.A. denies the allegations in Paragraph 362.

363.    Canon U.S.A. denies the allegations in Paragraph 363.

364.    Canon U.S.A. denies the allegations in Paragraph 364.

365.    Canon U.S.A. denies the allegations in Paragraph 365.

366.    Canon U.S.A. denies the allegations in Paragraph 366.

367.    Canon U.S.A. denies the allegations in Paragraph 367.

368.    Canon U.S.A. denies the allegations in Paragraph 368.

369.    Canon U.S.A. denies the allegations in Paragraph 369.

## FOURTEENTH CLAIM
### (Constructive Discharge in Violation Of New York City Human Rights Law)

370-382.    In response to Paragraphs 370 through 382, Canon U.S.A. asserts that the Fourteenth Claim of the Amended Complaint fails to state a claim upon which relief may be granted. In lieu of filing an Answer with respect to the Fourteenth Claim, Canon U.S.A. filed a Motion to Dismiss in accordance with Fed. R. Civ. P. 12(b)(6) and this Court's Individual Rules of Practice in Civil Cases (*see* Motion to Dismiss Filed June 22, 2018 (Dkt. Nos. 37 and 38)).

## FIFTEENTH CLAIM
### (Retaliation in Violation of New York City Human Rights Law)

383-389.    In response to Paragraphs 383 through 389, Canon U.S.A. asserts that the Fifteenth Claim of the Complaint fails to state a claim upon which relief may be granted.  In lieu of filing an Answer with respect to the Fifteenth Claim, Canon U.S.A. filed a Motion to Dismiss in accordance with Fed. R. Civ. P. 12(b)(6) and this Court's Individual Rules of Practice in Civil Cases (*see* Motion to Dismiss Filed June 22, 2018 (Dkt. Nos. 37 and 38)).

## PRAYER FOR RELIEF

Canon U.S.A. denies that Plaintiff is entitled to the relief requested in the Amended Complaint or any relief whatsoever.

### GENERAL DENIAL

Canon U.S.A. denies all the allegations not specifically and expressly admitted herein.

### ADDITIONAL DEFENSES

Canon U.S.A. alleges and asserts the following defenses (in addition to those stated above), undertaking the burden of proof only as to those defenses deemed affirmative defenses by law.  Canon U.S.A. reserves all rights to assert any other or additional defenses that are now or may become available or appear during, or as a result of, discovery, other proceedings, or further investigation.

### FIRST DEFENSE

Plaintiff's Amended Complaint fails, in whole or in part, to allege facts sufficient to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Court lacks jurisdiction over Counts Nine, Ten, Eleven, Fourteen and Fifteen.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

### FOURTH DEFENSE

Any damage, loss, or injury allegedly sustained by Plaintiff, the existence of which is expressly denied, was not caused by or attributable to Canon U.S.A.

### FIFTH DEFENSE

Canon U.S.A. exercised reasonable care to prevent, avoid, and/or correct any harmful, wrongful, or unlawful conduct towards Plaintiff, the existence of which is expressly denied.

**SIXTH DEFENSE**

Plaintiff unreasonably failed to take advantage of appropriate opportunities to prevent, mitigate, accommodate, and/or correct any damages, harmful conduct, problems, or complaints.

**SEVENTH DEFENSE**

At all relevant times, Defendant had in place and in force policies and procedures prohibiting harassment and discrimination and procedures for the reporting of perceived harassment or discrimination.  Those policies and procedures were published and otherwise made known to Plaintiff, yet Plaintiff unreasonably failed to avail herself of said policies and procedures or to avoid harm otherwise.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by various equitable doctrines, including, without limitation, the doctrines of waiver, estoppel, laches, and unclean hands.

**NINTH DEFENSE**

To the extent any of the acts or omissions alleged by Plaintiff occurred, such acts were consensual and/or not unwelcome.

**TENTH DEFENSE**

Canon U.S.A. did not act with malice, ill will or in reckless disregard for Plaintiff's rights with respect to any actions affecting Plaintiff and, with respect to any such actions, Canon U.S.A. acted lawfully and in good faith.

**ELEVENTH DEFENSE**

Any damage, loss or injury Plaintiff may have suffered was not caused by and is not attributable to Canon U.S.A.

## TWELFTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## THIRTEENTH DEFENSE

Any damage, loss or injury Plaintiff may have suffered is attributable to her own actions or lack thereof.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by her failure to exhaust administrative remedies.

## FIFTEENTH DEFENSE

Plaintiff has failed to comply with jurisdictional, procedural, and administrative prerequisites for filing this action.

## SIXTEENTH DEFENSE

Plaintiff has failed to properly mitigate the harm alleged.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to punitive damages because Canon U.S.A. did not act with malicious or reckless indifference.

## EIGHTEENTH DEFENSE

Canon U.S.A. alleges the claims contained in the Amended Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure.  The extent to which any claims are barred by one or more said affirmative defenses not specifically set out above cannot be determined until Canon U.S.A. has an opportunity to complete discovery.  Canon U.S.A., therefore, incorporates all such defenses as if fully set forth herein, and reserves the right to amend its listed defenses through the time of trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment as follows:

(A)     Dismissing Plaintiff's Amended Complaint with prejudice;

(B)     Awarding Defendant its costs, disbursements, and attorneys' fees incurred herein; and

(C)     Awarding Defendant such other and further relief as this Court deems just and proper.

Dated:   New York, New York                  **DORSEY & WHITNEY LLP**
          June 28, 2018

By   */s/ Melissa Raphan*
     Amanda M. Prentice (AP-0505)
     prentice.amanda@dorsey.com
     51 West 52nd Street
     New York, NY 10019
     Telephone: (212) 415-9200
     Facsimile: (212) 953-7201

     Melissa Raphan (admitted
     *pro hac vice*)
     raphan.melissa@dorsey.com
     50 South Sixth Street
     Minneapolis, MN 55402
     Telephone: (612) 340-2600
     Facsimile: (612) 340-2777

     John T. Sullivan (admitted
     *pro hac vice*)
     sullivan.jack@dorsey.com
     50 South Sixth Street
     Minneapolis, MN 55402
     Telephone: (612) 340-2600
     Facsimile: (612) 340-2777

     *Attorneys for Defendant Canon U.S.A., Inc.*